MARTIN, Appellant,

v.

MARTIN, Appellee.

[Cite as *Martin v. Martin*, 179 Ohio App.3d 805, 2008-Ohio-6336.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 08CA0014.

Decided Dec. 5, 2008.

David P. Mesaros, for appellant.

Robert N. Lancaster, for appellee.

WALTERS, Judge.

{¶ 1} Plaintiff–Appellant, Sarah Martin, appeals from a judgment of the Clark County Common Pleas Court, Domestic Relations Division, finding her in contempt of court and overruling her motion to modify visitation. Sarah argues that the trial court erred in refusing to deem as admitted the facts contained in her requests for admission that were not answered by her ex-husband, Nicholas; that the trial court erred in finding that she had willfully disobeyed a prior court order; and that the trial court abused its discretion in refusing to modify the parenting schedule as she requested. We find that the trial court erred in refusing to find that the facts contained in the requests for admission were conclusively established, and because of that we find that the trial court erred in overruling the motion to modify visitation. However, we find no error in the trial court's finding of contempt. Therefore, we affirm in part and reverse in part the judgment.

{¶ 2} Sarah and Nicholas Martin were divorced in April 2002. In the final decree, Sarah was designated the residential parent and custodian of their two-year-old son. Nicholas was awarded every-other-weekend, holiday, and summer parenting time pursuant to the Clark County Standard Order. Within one year of the final decree, Sarah and the child moved, without objection, to West

Virginia. After the divorce, Nicholas rarely exercised his visitation rights. In January 2007, after nearly five years of very limited contact with the child, Nicholas demanded that Sarah comply with the prior every-other-weekend visitation order, which would require a total of nine hours of travel time for the child on the visitation weekend.

{¶ 3} In February 2007, Nicholas filed a motion to show cause against Sarah alleging her failure to comply with the visitation order. Subsequently, Sarah filed a motion to modify visitation. On March 13, 2007, Sarah filed requests for admission, pursuant to Civ.R. 36. On April 11, 2007, the court ordered Nicholas to respond to the requests for discovery and the requests for admission within ten days. After Nicholas failed to respond by that date, Sarah moved the trial court to deem the matters admitted. This motion was denied at the hearing on April 30, 2007, and the trial court then allowed Nicholas to present evidence on the facts addressed in the requests for admission.

{¶ 4} On May 3, 2007, the court found that Sarah had failed to provide visitation on three required weekends, one of which was after the filing of the motion, and therefore found her to be in contempt. The court also denied Sarah's motion to modify visitation. Sarah was ordered to pay Nicholas's attorney fees and to assist with visitation every other weekend by setting a pick-up and drop-off point approximately halfway between the parents' residences.

{¶ 5} It is from this decision that Sarah appeals, setting forth three assignments of error for our review.

{¶ 6} As a preliminary matter, we note that Nicholas has failed to file a brief. Under such circumstances, App.R. 18(C) allows us to accept an appellant's statement of facts as correct, and to reverse the judgment if the appellant's brief reasonably appears to support reversal. However, we are not required to reverse. *Castlebrook Apts. v. Ballard,* Montgomery App. No. 22421, 2008-Ohio-4633, 2008 WL 4183980, at ¶ 3, citing *Rogers v. Rogers,* Butler App. No. 2004–08–207, 2005-Ohio-2661, 2005 WL 1271944, at ¶ 2.

FIRST ASSIGNMENT OF ERROR

{¶ 7} "The trial court erred in failing to deem appellant's requests for admissions admitted when appellee refused to answer said requests and had been given a second opportunity to answer those requests."

{¶ 8} In her first assignment of error, Sarah argues that the trial court erred in refusing to deem the matters addressed in the requests for admission admitted. Just as Nicholas failed to respond to those requests, and other discovery requests, he has failed to respond to this assignment of error by failing to file a brief.

{¶ 9} Civ.R. 36 provides:

{¶ 10} "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request * * *. The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service thereof * * * the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or the party's attorney. * * *

{¶ 11} "(B) Effect of admission

{¶ 12} "Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission."

{¶ 13} When a party fails to timely respond to requests for admissions, the admissions become facts of record that the court must recognize. *Cleveland Trust Co. v. Willis* (1985), 20 Ohio St.3d 66, 67, 20 OBR 364, 485 N.E.2d 1052.

{¶ 14} This court has addressed this issue on numerous occasions. See *Sciranka v. Hobart Internatl., Inc.* (Sept. 4, 1992), Miami App. No. 91 CA 61, 1992 WL 211804; *Progressive Cas. Ins. Co. v. Harrison,* Montgomery App. No. 21521, 2007-Ohio-579, 2007 WL 431477; *Great Seneca Fin. Corp. v. Lee,* Montgomery App. No. 21134, 2006-Ohio-2123, 2006 WL 1132473. The rule is self-enforcing, and the trial court has no discretion whether to deem the matters admitted. If the requests are not answered, they are admitted and conclusively established, and the trial court must recognize them as so.

{¶ 15} Herein the requests for admission were filed and mailed to Nicholas on March 13, 2007. On April 11, 2007, within the 28 days after service upon Nicholas, the trial court extended the time to respond, an additional ten days, to April 21, 2007. When Nicholas failed to serve a written response on or before April 21, pursuant to Civ.R. 36, Sarah's requests for admission were deemed admitted. Thereafter, there being no motion to withdraw or amend the admissions, the trial court was required to treat all the matters addressed therein as having been conclusively established.

{¶ 16} The trial court's refusal to deem the matters admitted, and to permit evidence to be presented contrary to the facts already conclusively established was not only contrary to law, but was also arbitrary and was therefore an abuse of discretion.

{¶ 17} Nonetheless, in order to determine whether this error was prejudicial and a basis for reversal, we must determine whether the matters admitted were material to the issues determined by the court. Therefore, while we sustain the first assignment of error, we will address the effect of this error upon the rulings appealed from.

SECOND ASSIGNMENT OF ERROR

■ {¶ 18} "The trial court erred in finding appellant willfully disobeyed a prior court order when the parties agreed they had not followed the standard order of parenting time in over four years and appellee had only recently indicated a desire to follow the previous arrangement."

{¶ 19} In this assignment of error, Sarah concedes that on three occasions in 2007, she failed to provide the child for the regular weekend visitation as per the court order. On two of those occasions, she testified that the visitation was prevented by illness, but there was no excuse offered for the third occasion. Her argument is that since the parties had voluntarily not adhered to the court-ordered visitation schedule for over four years, the trial court could not conclude that she had willfully violated the order.

■■ {¶ 20} The essential element of a contempt proceeding is that the person facing contempt charges has obstructed the administration of justice in some manner. *State v. Kimbler* (1986), 31 Ohio App.3d 147, 151, 31 OBR 236, 509 N.E.2d 99. Technical violations of a court order do not necessarily require a finding of contempt. *Miller v. Miller*, Henry App. No. 7–03–09, 2004-Ohio-2358, 2004 WL 1049158, at ¶ 12.

{¶ 21} In *Quint v. Lomakoski*, 173 Ohio App.3d 146, 2007-Ohio-4722, 877 N.E.2d 738, we reversed a finding of contempt in a very similar case. However, the trial court's finding in that case was with regard to the deprivation of 45 minutes of visitation time. In *Quint*, we determined that even if the record established the violation, which we doubted, it would be, at most, a technical violation. We noted that the mother had provided visitation in excess of what the court order required, and that she had fully complied with an order that had been reversed.

{¶ 22} The violation here is not a technical violation. Sarah's argument that the parties' had voluntarily strayed from the court-ordered visitation schedule for four years somehow vitiates her failure to comply with the order after Nicholas expressed his wish to resume the scheduled visitation is not well taken.

{¶ 23} Finally, in reviewing Sarah's requests for admission, we find that nothing in those requests is material to the issue upon which the trial court made its finding of contempt.

■ {¶ 24} A prima facie case of contempt is made by establishing a prior court order and a violation of its terms. *Nielsen v. Meeker* (1996), 112 Ohio App.3d 448, 679 N.E.2d 28. A court's contempt finding must be supported by clear and convincing evidence. *Dozer v. Dozer* (1993), 88 Ohio App.3d 296, 302, 623 N.E.2d 1272. Absent an abuse of discretion, which implies that the court's

reasoning is unreasonable, arbitrary, or unconscionable, we will not reverse the trial court's findings. Id.

{¶ 25} With those standards in mind, we find no abuse of discretion in the trial court's finding Sarah in contempt of the visitation order. Sarah attempted to excuse two of the failed visitations upon a claim of illness. The trial court was not required to believe this uncorroborated self-serving testimony. She offered no excuse for the third failed visitation. These violations were not merely technical violations, and the prior practices of the parties did not excuse her refusal to provide the ordered visitation.

{¶ 26} The second assignment of error is overruled.

THIRD ASSIGNMENT OF ERROR

{¶ 27} "The trial court abused its discretion in failing to adopt the modified parenting schedule proposed by appellant which provides for the same amount of time of monthly visitation for the appellee and takes into consideration the parties had lived in separate states for over four years."

{¶ 28} The facts pertaining to this assignment of error, as established in Sarah's brief, are that the visitation order involves a now eight-year-old child, who has lived in West Virginia for the last five years. His father lives in Clark County, Ohio, which necessitates a total of nine hours of travel for every-other-weekend visitation.

{¶ 29} The father, Nicholas, works on Saturdays and Sundays from 6:00 a.m. until 2:00 p.m., plus travel time to and from work each day. He is therefore unable to spend those days with the child until late in the afternoon. This means that the only time that Nicholas can spend with the child during weekend visitation is the drive home on Friday evening until bedtime, late afternoon Saturday until bedtime, and then the drive back on Sunday afternoon. The child spends more time with babysitters on these weekends than he does with Nicholas. In the father's absence, the child is left with a variety of babysitters, including the father's unrelated male roommate, the father's two brothers who are both ex-convicts, and the child's grandparents. When the child returns from these weekend visitations, he is extremely tired and cranky, and it takes several days to recover from the lengthy traveling.

{¶ 30} The facts admitted by Nicholas's failure to respond to the requests for admission are that Nicholas was aware of Sarah and the child's move to West Virginia, and that he has maintained telephone contact and sporadic in-person contact with the child since then; that from July 2002 through June 30, 2006, Nicholas did not seek or exercise any holiday visitation with the child; and that he has never exercised the summer visitation or parenting time with the child. These facts are clearly material to the issue of modification of visitation.

{¶ 31} When modifying visitation, the trial court must consider the factors set forth in R.C. 3109.051(D) and determine, using its sound discretion, the visitation schedule that is in the best interests of the children. *Braatz v. Braatz* (1999), 85 Ohio St.3d 40, 45, 706 N.E.2d 1218. The trial court has broad discretion in modifying visitation as long as its decision is just and reasonable. *Utz v. Hatton* (Apr. 9, 1999), Montgomery App. No. 17240, 1999 WL 193263, at *3. The abuse-of-discretion standard is used to review a trial court's decision to modify visitation. Id. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 32} Because the trial court made no findings of fact indicating that it found specific factors contained in R.C. 3109.051 to be applicable in explaining its decision that a modification of visitation was in the child's best interests, we cannot determine that it did not rely on evidence contrary to the admitted facts that the trial court refused to consider as having been conclusively established.

{¶ 33} Because, based on the appellant's statement of facts, we find that the trial court's failure to modify visitation is not just and reasonable, and because we find that it was likely based in part upon facts that were contrary to the conclusively established facts per the requests for admission, we find that the trial court's decision was unreasonable and therefore an abuse of discretion.

{¶ 34} Appellant's third assignment of error is sustained.

{¶ 35} The judgment of the Clark County Common Pleas Court, Domestic Relations Division, is hereby affirmed in part, and reversed in part, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed in part
and reversed in part,
and cause remanded.

WOLFF, P.J., and FAIN, J., concur.

SUMNER E. WALTERS, J., retired, of the Third District Court of Appeals, sitting by assignment.