[Cite as *Union Sav. Bank*, 2012-Ohio-5108.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY   COUNTY

| | | |
|---|---|---|
| UNION SAVINGS BANK | : | |
| | : | Appellate Case No. 25106 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CV-6078 |
| v. | : | |
| | : | |
| RODNEY K. LITTERAL, et al. | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellees | : | |
| | : | |

. . . . . . . . . . .

## O P I N I O N

Rendered on the 2nd day of November, 2012.

. . . . . . . . . . .

HARRY J. FINKE, IV., Atty. Reg. #0018160, and JEFFREY M. HENDRICKS, Atty. Reg. # 0066889, Graydon Head & Ritchey LLP, 1900 Fifth Third Center, 511 Walnut Street, Cincinnati, Ohio 45202-3157
    Attorneys for Plaintiff-Appellee, Union Savings Bank

GEORGE PATRICOFF, Atty. Reg. #0018160, 301 West Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Defendant-Appellee, Montgomery County Treasurer

RODNEY and MONICA LITTERAL, Post Office Box 8228, Carlisle, Ohio 45005-8228
    Defendant-Appellants, *pro se*

. . . . . . . . . . . .

FAIN, J.

{¶ 1}    Defendant-appellant Rodney Litteral appeals from a summary judgment

rendered against him in an action for foreclosure filed by plaintiff-appellee Union Savings Bank (USB). Litteral contends that the trial court erred by rendering summary judgment against him, because USB failed to present evidence sufficient to support its claims. He further contends that the trial court erred by initially rendering default judgment against him, which he contends impacted his ability to garner evidence, as well as his ability to present his defenses and retain an attorney.

{¶ 2} We conclude that there is evidence, competent under Civ.R. 56, upon which the trial court could rely in determining that Litteral had executed a note and mortgage, held by USB, and that he had defaulted upon the terms of the note and mortgage. Furthermore, by failing to respond to requests for admissions propounded by USB, Litteral admitted to the facts as proposed by USB, which support the judgment against him. Any error with regard to the initial entry of default judgment was cured by the vacation of the judgment following which Litteral retained counsel and proceeded to present a defense. Accordingly, the judgment of the trial court is Affirmed.

## I. The Course of Proceedings

{¶ 3} In 1999, USB made a loan to Rodney and Monica Litteral in the principal amount of $351,750.02. The loan was secured by six parcels of real property located in Montgomery County. The Litterals executed a note and mortgage securing the loan in favor of USB.

{¶ 4} In 2010, USB filed a complaint alleging that the Litterals had defaulted on the note and mortgage. USB attached a copy of the note and the mortgage to the complaint. The

Litterals were properly served, but failed to file an answer. Instead they filed a document entitled "notice of intent to proceed," which also contained a motion for an extension of time to answer. Thereafter the trial court, upon USB's motion, entered a default judgment against the Litterals, without addressing their motion for an extension of time in which to answer. The trial court ordered the property sold. Just prior to the scheduled sheriff's sale of the property, Litteral moved, *pro se*, to vacate the judgment. The trial court granted the motion and cancelled the sheriff's sale.

{¶ 5} Litteral retained counsel and filed an answer and counterclaim. Thereafter, the trial court appointed a receiver "to take control, manage, collect the rents and protect the real properties" at issue in this case.

{¶ 6} USB filed a motion for summary judgment. In that motion, USB noted that it had propounded discovery requests upon counsel for Litteral and that no response had been received.[1] On December 8, 2011, Litteral filed a motion for extension of time to answer discovery and to respond to the motion for summary judgment. On December 12, 2011, the trial court granted Litteral until January 6, 2012, to respond to the motion for summary judgment. The trial court denied Litteral's request for an extension of time to answer the discovery requests. Litteral responded to the motion for summary judgment on January 5, 2012, and USB filed a reply thereto. On January 17, Litteral filed a "supplemental response to plaintiff's reply." Thereafter, the trial court rendered summary judgment in favor of USB.

{¶ 7} Litteral, acting *pro se*, appeals from the summary judgment rendered against

---

[1] Specifically, USB sent Interrogatories, Requests for Production of Documents and Requests for Admissions to the Litterals on July 7, 2011. No response had been received at the time USB filed its motion for summary judgment in November 2011.

him.

## II. The Trial Court Did Not Abuse its Discretion by Denying Litteral's Motion for an Extension of Time to Respond to Discovery; the Trial Court Did Not Err by Granting USB's Motion for Summary Judgment; and Even If the Trial Court Erred by Rendering Default Judgment Without Considering Litteral's Motion for an Extension of Time to Answer the Complaint, that Error Was Harmless, Since the Trial Court Subsequently Vacated the Default Judgment

{¶ 8} Litteral's sole assignment of error states:

THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED DEFENDANT DUE PROCESS AND A FAIR TRIAL BY FAILING TO CONSIDER DEFENDANT'S EVIDENCE THAT WAS PRESENTED.

{¶ 9} In his sole assignment of error, Litteral advances several arguments. Litteral claims that the trial court "unjustifiably denied" his request for additional time to respond to the Bank. He also contends that the trial court abused its discretion by denying him an opportunity to subpoena witnesses and evidence. Next, Litteral claims that the trial court erred by failing to respond to his request for additional time to respond and to seek legal counsel. Finally, he contends that the trial court erred by "granting default [sic] judgment to plaintiff without proper consideration of the evidence."

{¶ 10} We first address the claim that the trial court abused its discretion by denying his request "for additional time for discovery of the plaintiff." From the heading of this issue set forth in Litteral's brief, it appears that he intends to address the denial of his motion for an

extension of time in which to respond to the discovery requests filed by USB. However, his argument addresses his claim that the trial court did not initially grant his motion "for additional time to answer complaint and seek counsel."

{¶ 11} With regard to the failure to grant an extension of time in which to respond to discovery, we note that Civ.R. 36 governs requests for admissions, and provides:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request * * *. The request may, without leave of court, be served upon the plaintiff after commencement of the action and upon any other party with or after service of the summons and complaint upon that party. * * *

(1) * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of a printed copy of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. * * *  Civ.R. 36(A).

{¶ 12} "When a party fails to timely respond to requests for admissions, the admissions become facts of record that the court must recognize." *Martin v. Martin,* 179 Ohio App.3d 805, 2008-Ohio-6336, 903 N.E.2d 1243, ¶ 13 (2d Dist.). Further, any matter admitted under Civ.R. 36 "is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Civ.R. 36(B). This court has noted that Civ.R. 36 is "self-enforcing" and that

the "trial court has no discretion whether to deem the matters admitted. If the requests are not answered, they are admitted and conclusively established, and the trial court must recognize them as so." *Ohio Bell Tel. Co. v. C-5 Constr., Inc.*, 2d Dist. Montgomery No. 23792, 2010-Ohio-4762, ¶ 41.

{¶ 13} The record shows that on July 7, 2011, USB served discovery requests upon Litteral – a fact that Litteral does not dispute. Litteral filed no responses to the discovery requests. USB filed its motion for summary judgment on November 3, 2011, in which it noted that the requests for admissions were deemed admitted by virtue of the fact that Litteral never responded to the discovery requests. One month later, Litteral filed a motion for an extension of time in which to reply to the discovery. The motion set forth no reason for Litteral's failure to respond to the discovery requests.

{¶ 14} Given the self-enforcing nature of Civ.R. 36, and the failure to offer any valid reason for not responding to the discovery for four months – five months by the time the motion for extension was filed, we conclude that the trial court did not abuse its discretion in denying the motion for an extension of time.

{¶ 15} As to whether the trial court erred by denying Litteral's motion for additional time to answer the complaint, we note that the complaint for foreclosure was filed on July 3, 2010. On August 30, Litteral, acting pro se, filed a document entitled "notice of intent to proceed" along with a motion for an extension of time in which to file an answer. The trial court did not enter any order regarding the motion and on October 19, 2010, USB filed its motion for default judgment, which was granted. Thereafter, the default judgment was vacated, Litteral retained counsel and proceeded to present a defense to USB's claims. Therefore, even if the trial

court erred by rendering default judgment before ruling upon Litteral's motion for an extension of time to answer, he has not demonstrated that he was prejudiced as a result. The default judgment rendered against him was vacated; he was given an opportunity to answer the complaint; and he did, in fact file an answer.

{¶ 16} We next address the claim that the trial court denied Litteral the opportunity to subpoena witnesses and marshal evidence. Again, this argument is centered upon the fact that the trial court originally entered a default judgment against Litteral without addressing his motion for an extension of time to file an answer. We again conclude that Litteral has not demonstrated prejudice, since the default judgment was vacated and Litteral proceeded to retain a lawyer and file an answer and counterclaim.

{¶ 17} In support of his argument that he was denied the opportunity to subpoena witnesses and marshal evidence, Litteral again complains that the trial court did not grant his December 8, 2011 motion for an extension of time in which to respond to USB's discovery requests. As set forth above, we find no abuse of discretion by the trial court in its having denied the motion for an extension of time to respond. Significantly, Litteral never requested the withdrawal or amendment of his deemed admissions, under Civ. R. 36(B).

{¶ 18} Next, Litteral contends that the trial court effectively denied him the "benefit of counsel by way of not responding to defendants [sic] motion for addition time to [answer the complaint] and to seek legal counsel." Again, this contention rests upon Litteral's argument that the trial court erred by failing to address his motion for an extension of time to answer prior to entering default judgment against him. And again, we note that the trial court set aside that

judgment, and Litteral retained counsel who represented him throughout the course of the trial court proceedings. Thus, this argument is without merit.

{¶ 19} Finally, Litteral contends that the trial court improperly rendered default judgment against him "without proper consideration of the evidence." It appears from reading Litteral's brief, that he actually takes issue with the fact that the trial court rendered *summary* judgment against him, rather than with the fact that the trial court originally entered, and then vacated, a default judgment. In support of this argument, Litteral contends that he was in negotiations with USB to settle the claims by a loan modification when the trial court rendered judgment.

{¶ 20} Summary judgment is proper only when the party moving for summary judgment demonstrates that: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence most strongly construed in that party's favor. Civ.R. 56(C). This court reviews summary judgment de novo, meaning that we do so independently and without deference to the trial court's findings of fact. *Fed. Home Loan Mtge. Corp. v. Schwartzwald,* 194 Ohio App.3d 644, 2011–Ohio–2681, 957 N.E.2d 790, ¶ 26 (2d Dist.).

{¶ 21} Since Litteral failed to respond to the requests for admissions in the months preceding the motion for summary judgment, the trial court deemed certain claims as admitted. Specifically, the trial court found that "the Litterals signed the Note and Mortgage; USB is the holder of the Note and Mortgage; USB complied with the terms of the Note and Mortgage; the Litterals are in default under the terms of the Note and Mortgage; USB has met all conditions

precedent to foreclosure; and the payment history attached to the Requests [for admissions] is an accurate accounting of the subject loan." A review of the requested admissions confirms these findings by the trial court.

{¶ 22} The trial court went on to note that the Litterals "have failed to present any evidence to show that USB represented to them that USB had approved of a loan modification." We agree. There is nothing in this record to indicate that USB actually agreed to a loan modification as settlement of the delinquency. Instead, it merely appears that Litteral discussed the "possibility" of a loan modification with the Bank, but the Bank made it clear that unless and until a modification was approved, the Litterals were required to make their monthly payments in a timely fashion.

{¶ 23} On this record, it is clear that the Litterals signed a Note and Mortgage and that they subsequently defaulted thereon. The record shows that USB presented appropriate documentation of the Note and Mortgage and the default, as well as the fact that it was the holder of the note. Furthermore, by failing to respond to the requests for admissions, the Litterals admitted facts sufficient to warrant a judgment against them. Thus, we conclude that the trial court properly rendered summary judgment against Litteral.

{¶ 24} Litteral's sole assignment of error is overruled.

### III. Conclusion

{¶ 25} Litteral's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

FROELICH and HENDON, JJ., concur.

(Hon. Sylvia Sieve Hendon, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Harry J. Finke, IV
Jeffrey M. Hendricks
George Patricoff
Rodney & Monica Litteral
Hon. Dennis J. Adkins