[Cite as *Obara v. Obara*, 2016-Ohio-5651.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| ELIZABETH M. OBARA | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 26668 |
| | : | |
| v. | : | Trial Court Case No. 14-CV-5669 |
| | : | |
| DAVID J. OBARA | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of September, 2016.

. . . . . . . . . .

MATTHEW D. DiCICCO, Atty. Reg. No. 0072889, Freund, Freeze & Arnold, Fifth Third Center, One South Main Street, Suite 1800, Dayton, Ohio 45402-2017
        Attorney for Plaintiff-Appellee

CARLO C. McGINNIS, Atty. Reg. No. 0019540, 55 Park Avenue, Dayton, Ohio 45419
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

{¶ 1} David Obara appeals from the trial court's order finding him in contempt for failing to obey the court's preliminary injunction and also appeals from the order finding that he failed to satisfy the purge condition imposed by the court. Because the trial court

applied an incorrect standard of proof to find Obara in contempt, we reverse.

## I. Background

{¶ 2} Elizabeth Obara (David's mother) filed a complaint against her son for money damages, replevin, and injunctive relief in an attempt to get back her coin collection, which she says she gave to David simply for safe keeping. She also filed a motion under Civ.R. 65 for equitable relief and an order requiring David to return the collection. The trial court entered a temporary restraining order and order restoring possession of the coin collection to Elizabeth. A couple of weeks later, the court held a preliminary-injunction hearing after which the court entered the following order:

(1) Defendant David Obara is restrained from interfering with Plaintiff's possession of her Coin Collection;

(2) Defendant David Obara is restrained from selling, transferring, moving, relocating, and/or in any way disposing of the Coin Collection;

(3) Defendant David Obara is ordered to immediately identify the location of the Coin Collection;

(4) Defendant David Obara is ordered to immediately identify the identity of any person/entity to whom he has sold, gifted, transferred, and/or allowed to possess any item of gold, silver, or other portion of the Coin Collection, including the name, address, and date of the transaction; and

(5) Defendant David Obara is ordered to immediately restore possession of the Coin Collection to the Plaintiff.

*Order Granting Relief* (Oct. 16, 2014).

{¶ 3} Two months later, Elizabeth filed a motion asking the trial court to hold Obara

in contempt for failing to comply with the preliminary injunction, specifically, the last three orders. The court held a contempt hearing on April 23, 2015, at the end of which it found that Obara had failed to comply. The court fined Obara $250 and sentenced him to ten days in jail. The court gave Obara the opportunity to purge the contempt by complying with the injunction—identify the coin collection's location and identify any person to whom he gave any coins. He was given until April 27 to satisfy the purge condition.

{¶ 4} On April 28 the trial court found that Obara had failed to satisfy the purge condition. The court said that "[a]lthough Defendant submitted information to the Court, indicating where the coin collection 'might' be located, or who 'may' have certain items, the Court finds that this is not sufficient to purge the finding of contempt, and Defendant fails to be in compliance with the Court's Order." *Entry and Order Finding Defendant, David J. Obara, in Contempt* (Apr. 28, 2015). So the contempt penalty—the fine and jail sentence—remained.

{¶ 5} Obara immediately appealed the conviction and asked this Court to stay the jail sentence pending the outcome of the appeal. We declined to stay the sentence.

## II. Analysis

{¶ 6} Obara assigns seven errors to the trial court, which we address in an order of our own. Elizabeth did not file a brief.

### A. *The validity of the preliminary injunction*

{¶ 7} . The first assignment of error alleges that the trial court erred by ordering mandatory injunctive relief because such relief is not authorized by Civ.R. 65. That rule authorizes a court to grant injunctive relief, including preliminary injunctive relief. Division (D) of the rule provides that a preliminary injunction must describe "the act or acts sought

to be restrained." The preliminary injunction here granted prohibitory relief—restraining Obara from doing certain things—but also mandatory relief—requiring Obara to take affirmative action

{¶ 8} "[T]he purpose of a preliminary injunction is to preserve the status quo between the parties pending a trial on the merits." *Connor Group v. Raney*, 2d Dist. Montgomery No. 26653, 2016-Ohio-2959, ¶ 17. An injunction seeks "to prevent or prohibit conduct or behavior of the defendant and to protect and restore rights or benefits of the plaintiff/movant." 2 Darling, Klein, Terez, *Baldwin's Ohio Practice: Civil Practice*, Section 65:1 (Ed.2014). Sometimes "preservation of the court's ability to exercise meaningful review may require *affirmative* relief in order to prevent some future irreparable injury." (Emphasis sic.) *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Auth.*, 163 F.3d 341, 348 (6th Cir.1998). Accordingly, "the injunctive order either compels the defendant to take affirmative action or prohibits the defendant from doing something." 2 Darling, Klein, Terez at Section 65:1. Thus the trial court had the authority to grant mandatory injunctive relief designed to locate and preserve the coin collection to effectuate further relief.

{¶ 9} Even if we were to assume that the trial court did not have authority to positively mandate relief, Obara was still obligated to obey the injunction because the court was acting within the scope of its authority. *State v. Christon*, 68 Ohio App.3d 471, 475, 589 N.E.2d 53 (2d Dist.1990) (saying that "[o]rdinarily, even an order constituting reversible error must be obeyed so long as the order is made within the lawful scope of a court's authority"); *State v. Kitchen*, 128 Ohio App.3d 335, 342, 714 N.E.2d 976 (2d Dist.1998) (saying that "[g]enerally, * * * when a court acts within its authority, even those

orders constituting reversible error must be followed").

{¶ 10} The first assignment of error is overruled.

B. *Alternative remedies under R.C. 2705.10*

{¶ 11} R.C. 2705.10 states that Chapter 2705, governing contempt of court, "furnishes a remedy in cases not provided for by another section of the Revised Code." The third assignment of error alleges that the trial court erred by failing to consider the alternative remedies of replevin, under Chapter 2737; pre-judgment attachment, under Chapter 2715; injunctive relief, under Chapter R.C. 2727 and Civ.R. 65; and common-law conversion, all of which are included in Elizabeth's action.

{¶ 12} Civil contempt proceedings provide the remedy for failure to comply with a court order. "[A]lthough the proceedings are brought to preserve and enforce the rights of private citizens, the action is one between the court and the contemnor." (Citation omitted.) *Miller v. Koepke*, 6th Dist. Wood No. 91WD076, 1992 WL 154191, *5 (June 30, 1992). "The essential element of a contempt proceeding is that the person facing contempt charges has obstructed the administration of justice in some manner." *Martin v. Martin*, 179 Ohio App.3d 805, 2008-Ohio-6336, 903 N.E.2d 1243, ¶ 20 (2nd Dist.), citing *State v. Kimbler*, 31 Ohio App.3d 147, 151, 509 N.E.2d 99 (10th Dist.1986). "Accordingly, punishment by contempt is not prompted by injury * * * to the rights of another person * * *." *Kimbler* at 151. Chapter 2705 provides a general remedy for contempt when no statute provides a remedy for the specific contempt at issue, like the failure to obey a subpoena issued by a county court, R.C. 1907.38, or the disobedience of an order issued in proceedings in aid of execution, R.C. 2333.19, or the failure to obey a subpoena served under Civ.R. 45(F), R.C. 2317.22. Thus the "remedy" referred to in R.C. 2705.10 is not

the plaintiff's remedy but the court's remedy for contempt.

{¶ 13} The third assignment of error is overruled.

### C. *No bond was necessary*

{¶ 14} Civ.R. 65(C) states that "[n]o temporary restraining order or preliminary injunction is operative until the party obtaining it gives a bond * * *, in an amount fixed by the court or judge allowing it, to secure to the party enjoined the damages he may sustain, if it is finally decided that the order or injunction should not have been granted." The trial court here did not require Elizabeth to give a bond. The seventh assignment of error alleges that this was erroneous.

{¶ 15} Recently, we adopted the position that "because Civ.R. 65(C) permits the imposition of a nominal bond, it also implicitly permits a court to order no bond." *Raney*, 2016-Ohio-2959, at ¶ 64, citing *Vanguard Transp. Sys., Inc. v. Edwards Transfer & Storage Co., Gen. Commodities Div.*, 109 Ohio App.3d 786, 793, 673 N.E.2d 182 (10th Dist.1996). Accordingly, we said that "a court may, under some circumstances and within its discretion, require no bond when issuing a preliminary injunction." *Id.* at ¶ 66.

{¶ 16} The trial court here addressed this issue at the end of the preliminary injunction hearing: "In regards to bond in this matter, the Court is required to consider bond. And I have. And I find that zero bond will be set in this case, that there's not a need for a larger monetary bond other than that." (Preliminary Injunction Tr. 50). "[T]he purpose of a bond is to assure relief to the enjoined party should that party eventually be vindicated." *Raney* at ¶ 65. Obara did not allege that he would suffer any adverse financial consequences as a result of the injunction—or give any other reason why a bond should have been required. We conclude that the trial court did not abuse its discretion when it

determined that a monetary bond was not necessary.

{¶ 17} The seventh assignment of error is overruled.

### D. *The contempt finding*

{¶ 18} The second and fourth assignments of error concern the contempt finding. The second assignment of error alleges that the trial court erred by finding Obara in contempt. The fourth assignment of error alleges that the court erred by finding that Elizabeth satisfied her burden of proof by clear and convincing evidence.[1]

{¶ 19} We review a trial court's finding of contempt for an abuse of discretion. *Hoagland v. Hoagland*, 2d Dist. Miami No. 2014-CA-30, 2015-Ohio-2426, ¶ 8. "An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable." *Id.*, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 20} The first issue is whether the contempt proceedings here were civil or criminal in nature. "Criminal contempt sanctions are unconditional, punitive in nature, and designed to vindicate the authority of the court." (Citations omitted.) *Docks Venture, L.L.C. v. Dashing Pacific Group, Ltd.*, 141 Ohio St.3d 107, 2014-Ohio-4254, 22 N.E.3d 1035, ¶ 14. "Civil contempt sanctions involve a conditional penalty 'designed for remedial or coercive purposes and are often employed to compel obedience to a court order. * * * [They] are characterized as violations against the party for whose benefit the order was made.' " (Citation omitted.) *Id.* at ¶ 15, quoting *State ex rel. Corn v. Russo*, 90 Ohio St.3d

---

[1] The wording of the fourth assignment of error inferentially suggests that the court applied a clear-and-convincing evidence standard, but that the evidence was insufficient to find Appellant in contempt. Actually Appellant's argument in this assignment, as supported by the record, is that the trial court incorrectly applied a preponderance-of-the–evidence standard.

551, 555, 740 N.E.2d 265 (2001). " 'A contempt fine * * * is considered civil and remedial if it either "coerce[s] the defendant into compliance with the court's order, [or] * * * compensate[s] the complainant for losses sustained." * * * Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge.' " *Id.*, quoting *Internatl. Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994), quoting *United States v. United Mine Workers of Am.*, 330 U.S. 258, 303-304, 67 S.Ct. 677, 91 L.Ed. 884 (1947). Here, the contempt proceeding and sanctions were civil. The trial court's ruling gave Obara the opportunity to purge if he timely complied. Accordingly, the purpose of the jail term and fine was to coerce him to comply with the preliminary injunction, meaning that the contempt process was civil in nature.

{¶ 21} "Clear and convincing evidence is the standard of proof in civil contempt proceedings." (Citation omitted.) *Hoagland* at ¶ 6. Obara contends that the trial court incorrectly applied the preponderance-of-the-evidence standard. We agree. At the end of the contempt hearing, the court said, "The Court, in considering all of the exhibits and the testimony here, does find that the Plaintiff has proven by a preponderance of the evidence that Mr. Obara did violate the Court's preliminary injunction order issued in October 16, 2014." (Contempt Tr. 84-85).

{¶ 22} "[A]n abuse of discretion may be found when the trial court 'applies the wrong legal standard.' " *Ockunzzi v. Smith*, 8th Dist. Cuyahoga No. 102347, 2015-Ohio-2708, ¶ 9, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.). Because, as the Fourth District has said, "it is both unreasonable and unconscionable to hold an individual in civil contempt on a lesser

'preponderance of the evidence' standard rather than one which requires a showing of 'clear and convincing' evidence." *Stewart v Sydenstricker*, 4th Dist. Washington No. 95CA19, 1996 WL 272948, *3 (May 14, 1996) (concluding that the application of the lesser standard was an abuse of discretion).

{¶ 23} Whether the evidence is sufficient to find Obara guilty of civil contempt under a clear-and-convincing standard of proof is an issue for the trial court to consider on remand and is not properly before us at this time.

{¶ 24} The second and fourth assignments of error are sustained.

## E. *The affirmative defense of impossibility*

{¶ 25} The fifth assignment of error alleges that the court erred by failing to find that Obara had established the affirmative defense of impossibility. Whether an affirmative defense is established is an independent issue, so we consider this alleged error.

{¶ 26} Obara claims that it was impossible for him to comply with the injunction. " 'Impossibility to comply with a court order is a valid defense to an accusation of contempt[,] * * * [but] it is no defense if the accused brings the inability upon himself.' " *Goddard-Ebersole v. Ebersole*, 2d Dist. Montgomery No. 23493, 2009-Ohio-6581, ¶ 15, quoting *Neff v. Neff*, 2d Dist. Montgomery No. 11058, 1989 WL 13531 (Feb. 13, 1989). " '[A] person who seeks to satisfy the court that his or her failure to obey an order or judgment was entirely due to the person's inability to render obedience carries the burden of establishing that fact.' " *Wagshul v. Wagshul*, 2d Dist. Montgomery No. 23564, 2010-Ohio-3120, ¶ 35, quoting 17 Ohio Jurisprudence 3d, Contempt, Section 62.

{¶ 27} Obara testified that it was not possible for him to determine the identity of

any person he sold coins to. He also testified that he could not create an inventory of all the coins he owns, because he was prohibited from accessing places where coins may be.

{¶ 28} In its contempt finding, the trial court focused on the injunction's orders to identify the location of Elizabeth's coin collection and to identify the people to whom Obara had not only sold coins but also given coins and people he has allowed to possess coins. As to location, Obara testified that there are three places where coins could be: a house in Richmond, Indiana, an apartment in Vandalia, and a house in Vandalia. Obara said that most of his personal property is at the Vandalia house. The two Vandalia properties are owned by Elizabeth, and according to Obara, she has banned him from setting foot on either property. He testified that when he went to the apartment in mid-2014, the police were there and told him that he was trespassing. He said that he never went back. Obara admitted that he never tried to get permission to access either Vandalia location to look for coins, despite the fact that Elizabeth's attorney had sent him a letter telling him that he needed to collect his property from the two locations. As to the coins, Obara testified that he had given coins to his wife.

{¶ 29} It appears from the evidence that Obara may bear at least part of the blame for not complying with the preliminary injunction. The evidence shows that he did not even try to get access to the locations where Elizabeth's coins might have been. The trial court reasonably found that Obara failed to prove that it was impossible for him to comply with the injunction.

{¶ 30} The fifth assignment of error is overruled.

F. *The purge conditions are reasonable*

**{¶ 31}** " '[A] sanction for civil contempt must allow the contemnor the opportunity to purge himself or herself of contempt. The trial court abuses its discretion in ordering purge conditions that are unreasonable or where compliance is impossible.' " (Citations omitted.) *Baird v. Byrd*, 2d Dist. Montgomery No. 19808, 2003-Ohio-6252, ¶ 25, quoting *Burchett v. Miller*, 123 Ohio App.3d 550, 552, 704 N.E.2d 636 (6th Dist.1997). The sixth assignment of error alleges that the trial court's purge condition was unreasonable and impossible to comply with.

**{¶ 32}** " 'The determination of whether a particular purge condition is unreasonable or impossible varies on a case-by-case basis and the contemnor must present sufficient evidence at the contempt hearing that the trial court's purge conditions are unreasonable or impossible for the contemnor to meet.' " (Citations omitted.) *Bostick v. Bostick*, 2d Dist. Champaign No. 2015-CA-13, 2016-Ohio-3354, ¶ 18, quoting *Mackowiak v. Mackowiak*, 12th Dist. Fayette No. CA2010-04-009, 2011-Ohio-3013, ¶ 51. Here, the purge condition was simply that, within four days, Obara comply with the mandatory orders in the injunction. We have already concluded that the trial court reasonably found that compliance was not impossible. We see nothing unreasonable about the purge condition.

**{¶ 33}** The sixth assignment of error is overruled.

G. *The right to bail*

**{¶ 34}** As a final matter, though Obara does not assign it as error, he claims that he was not given the right to bail under R.C. 2705.04. This right applies when a court has the accused arrested or is holding him in custody pending contempt proceedings. *See* R.C. 2705.03. "Under R.C. 2705.04, when contempt proceedings are brought against an alleged contemnor, the court may set a bond 'for the *appearance* of the accused to

answer the charge.' " (Emphasis sic.) *Miller v. Koepke*, 1992 WL 154191, at *5. Once the bond is executed the accused must be released. Obara does not claim that he was ever held in custody by the trial court before or during the contempt proceedings, nor do we see any evidence of this in the record. Therefore the statutory right to bail never applied.

### III. Conclusion

{¶ 35} We have overruled all of the assignments of error except the second and fourth, both of which we have sustained. Therefore the trial court's April 27, 2015 order finding Obara in contempt and its April 28, 2015 order finding that he failed to satisfy the purge conditions are reversed. On remand, the court should determine whether or not Elizabeth proved by clear and convincing evidence that Obara failed to comply with the preliminary injunction.

. . . . . . . . . . . . .

DONOVAN, P.J., and FAIN, J., concur.

Copies mailed to:

Matthew D. DiCicco
Carlo C. McGinnis
Dennis Gump
Hon. Dennis J. Adkins