[Cite as *Velocity Invests., L.L.C. v. Kunzler*, 2023-Ohio-1689.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| VELOCITY INVESTMENTS, LLC ASSIGNEE OF PROSPER FUNDING LLC ASSIGNEE OF WEBBANK | : : : | C.A. No. 2022-CA-56 |
| | : | |
| Appellee | : | Trial Court Case No. 2022CV0246 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| LARRY KUNZLER | : | |
| | : | |
| Appellant | | |

. . . . . . . . . . .

O P I N I O N

Rendered on May 19, 2023

. . . . . . . . . . .

MICHAEL T. BROFMAN, ERIC S. PETERSON, ANTHONY N. BARONE, VIKTORIYA DYRDA, Attorneys for Appellee

LARRY KUNZLER, Pro Se Appellant

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Larry Kunzler appeals from a judgment of the Greene County Common Pleas Court granting summary judgment to Plaintiff-Appellee Velocity Investments, LLC ("Velocity"). For the following reasons, we affirm the judgment of the trial court.

## I. Facts and Course of Proceedings

{¶ 2} On May 9, 2022, Velocity filed a complaint alleging that it had acquired all right, title, and interest in and to a claim originally owed by Kunzler to WebBank and that Kunzler currently owed $7,377.85 on that claim. Velocity attached to its complaint a copy of the written agreement between WebBank and Kunzler. According to the case information form filed with the complaint, this case was a re-filing of a previous case (Greene C.P. No. 2019 CV 0590) that had been dismissed.

{¶ 3} Kunzler was served with the complaint on June 3, 2022. He did not file an answer to the complaint. On August 15, 2022, Velocity filed a motion for summary judgment. Attached to its motion were documents showing the assignment of WebBank's claim to Prosper Funding, LLC, and then to Velocity; Velocity also attached copies of requests for admissions that it had served on Kunzler. According to Velocity, Kunzler had not provided timely responses to these requests for admissions. Kunzler did not file a response to the motion for summary judgment.

{¶ 4} On September 21, 2022, the trial court granted the motion for summary judgment and entered judgment in favor of Velocity in the amount of $7,377.85, plus interest and court costs. Kunzler filed a timely notice of appeal.

## II. The Trial Court Did Not Err in Granting Summary Judgment to Velocity

{¶ 5} Pursuant to Civ.R. 56(C), summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the

moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183, 677 N.E.2d 343 (1997). Appellate review of summary judgment is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162, 703 N.E.2d 841 (4th Dist.1997). "We review the judgment independently and without deference to the trial court's decision." (Citation omitted.) *Id.*

**{¶ 6}** Kunzler filed a pro se brief that does not comply with App.R. 16. For example, he fails to make a statement of the assignments of error and statement of the issues presented for review. App.R. 16(A)(3)-(4). Moreover, he primarily relies on several documents attached to his brief that were not in the trial court's record. These facts severely limit our ability to address Kunzler's appeal.

**{¶ 7}** Generally, Kunzler contends that the trial court erred by granting judgment against him. Contrary to the trial court's finding, Kunzler states that he did respond to the complaint filed by Velocity Investments within the 28 days provided for in the summons that accompanied the complaint. As proof of this, Kunzler attaches to his brief a copy of what appears to be a shipment receipt from The UPS Store in Fairborn, Ohio. This receipt shows the shipment going to Javitch Block LLC in Cleveland, Ohio, which is the name of the law firm that represents Velocity. In the response letter attached as Exhibit 5 to his appellate brief, which apparently was included in the mailing to Javitch Block LLC, Kunzler explains that he made an agreement with Velocity during a previous case, Case No. 2019 CV 0590. According to this agreement, Kunzler was to pay $155

per month for 48 months starting in June 2020. But then the case was dismissed by the trial court when neither party submitted an agreed judgment entry in the time required by the court. According to Kunzler, he stopped making payments under the agreement when the previous case was dismissed. Kunzler attached to his appellate brief a copy of the order dismissing the previous action.

**{¶ 8}** Kunzler concludes his appellate brief by stating:

> And now, after almost two years, the Plaintiff comes again filing the same motion. Only this time, I have no defense. I had no clue I could be tried for the same thing twice. It doesn't seem right. Nevertheless, the Plaintiff's claim that I did not dispute or answer their requests are false. I did respond, and in the appropriate time frame, refer back to Exhibits 5 and 6.

> Appellant asks the court to reverse the final judgment against the Defendant in Case No. 2022 CV 0246 the matter of *Velocity Investments, LLC vs. Larry Kunzler*.

**{¶ 9}** Under well-established law, appellate courts are limited to the record before the trial court and cannot consider documents or matters that are not in the record. *Chase Manhattan Mtge. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665, ¶ 10. Therefore, in deciding Kunzler's appeal, we are confined to reviewing the record that was before the trial court at the time it issued its opinion granting summary judgment to Velocity.

**{¶ 10}** When the trial court ruled on the summary judgment motion, Kunzler had filed neither an answer to the complaint nor a response to the summary judgment motion.

The evidence before the trial court established that Velocity was an assignee of a debt originally incurred between Kunzler and WebBank. Further, Velocity provided the trial court with a copy of discovery requests served on Kunzler, including requests for admissions. Velocity represented to the trial court that Kunzler had failed to timely respond to the request for admissions and contended that the matters therein should be deemed admitted. A number of these requests for admissions covered the existence of the debt, the amount of the debt, and Kunzler's legal obligation to pay the debt. "It is well established that summary judgment may be granted based on a matter that is admitted through unanswered requests for admissions." (Citations omitted.) *Natl. Collegiate Student Loan Trust 2005-3 v. Demers*, 2d Dist. Clark No. 2018-CA-93, 2019-Ohio-1475, ¶ 17. However, we are troubled by the fact that Velocity failed to provide an affidavit averring that its requests for admission went unanswered. Even more troubling is that these discovery requests attached to Velocity's motion appear to have been served on Kunzler in a previous case involving these parties, not in the current litigation. Indeed, the discovery requests note a case number of 2019 CV 0590 and a service date of October 30, 2019. The complaint in the current action was filed over 30 months after this service date.

{¶ 11} Despite the troubling nature of the requests for admissions submitted in support of Velocity's motion for summary judgment, we cannot conclude that the trial court erred in granting the motion. Kunzler filed neither an answer to Velocity's complaint nor a response to the motion for summary judgment. The allegations in the complaint and the other information presented with Velocity's motion for summary judgment were

sufficient to establish Velocity's claim against Kunzler.  Therefore, the assignment of error is overruled.


III.    Conclusion

    **{¶ 12}** Having overruled Kunzler's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.