[Cite as *In re Furrey v. Furrey*, 2025-Ohio-4683.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF KATHLEEN S. FURREY, ET AL. | : | |
| | : | C.A. No. 30381 |
| | : | |
| Appellants | : | Trial Court Case No. 2023 MSC 00490; |
| | : | 2020 EST 00309 |
| v. | : | |
| | : | (Appeal from Common Pleas Court-  |
| DELORIS S. FURREY, ET AL. | : | Probate Division) |
| | : | |
| Appellee | : | **FINAL JUDGMENT ENTRY & OPINION** |

---------------------------------------------------

IN THE MATTER OF THE ESTATE OF
GERALD L. FURREY, DECEASED

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 10, 2025, the judgment of the trial court is reversed and remanded to the trial court for further proceedings consistent with the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Christopher B. Epley*

CHRISTOPHER B. EPLEY, PRESIDING JUDGE

HUFFMAN, J., and HANSEMAN, J., concur.

**OPINION**

DAVID E. ERNST, Attorney for Appellants
GREGORY S. PAGE, Attorney for Appellee

EPLEY, P.J.

{¶ 1} Kathleen S. Furrey and Kenneth E. Furrey appeal from a judgment of the Montgomery County Court of Common Pleas, Probate Division, which granted summary judgment to Deloris S. Furrey in their will contest action. They claim that the trial court abused its discretion in failing to permit their untimely response to Deloris's requests for admission and, consequently, that the trial court erred in granted summary judgment to her based on those admissions. For the following reasons, the trial court's judgment is reversed, and the matter is remanded for further proceedings.

## I. Facts and Procedural History

{¶ 2} Kathleen and Kenneth ("the children") are the children of Gerald L. Furrey, who died testate on July 16, 2019. Deloris is Gerald's widow. Based on estate planning documents executed by Gerald on March 21, 2017, Deloris was the trustee of Gerald's revocable trust and, following his death, the executor of his estate.

{¶ 3} In May 2020, the children filed an adversarial complaint against Deloris individually, as executor of the estate, and in other capacities, challenging the validity of Gerald's 2017 will. *In re Furrey v. Furrey*, Montgomery P.C. No. 2020 MSC 165. They voluntarily dismissed the action under Civ.R. 41(A) on December 6, 2022.

{¶ 4} Eleven months later, the children refiled their will contest action. *In re Furrey v. Furrey*, Montgomery P.C. No. 2023 MSC 490. They alleged that Gerald lacked testamentary capacity in March 2017 due to dementia and Alzheimer's disease and was subject to

2

Deloris's undue influence. They further alleged that Deloris had improperly taken control of and spent Gerald's assets prior to his death. They asked the probate court to marshal Gerald's assets and enforce a will executed prior to 2009. Deloris was served with the refiled complaint and summons on April 5, 2024, and on May 1, 2024, she filed an answer denying the allegations.

{¶ 5} After the trial court set a scheduling conference for May 15, 2024, the children's attorney sought a continuance due to medical complications that had arisen from a prior surgery. Counsel stated that he had an appointment with his surgeon that day. The telephone conference was instead held on May 20, 2025. The following day, the trial court issued a scheduling order setting dates for discovery, pretrial matters, and trial. Of relevance, the discovery deadline was October 31, 2024; a bench trial was set for January 14-16, 2025.

{¶ 6} On July 8, 2024, Deloris moved to have her requests for admission deemed admitted. She indicated that the requests for admission and other discovery requests were served on the children's counsel on May 1, 2024, and that counsel did not respond to a May 30 email asking when responses would be provided. As of July 8, the children had not responded. Citing Civ.R. 36, Deloris stated that the failure to respond to requests for admission rendered them conclusively established. Deloris's counsel supported the motion with his own affidavit and a copy of the discovery requests.

{¶ 7} On July 22, 2024, the children filed an opposition memorandum, asking the trial court to overrule the motion due to excusable neglect and the "axiomatic view of deciding cases on their merits rather than by procedural default." Counsel detailed the extensive medical issues he had endured between March 1, 2024, and July 15, 2024, when he returned to work full-time. These included two major surgeries, multiple days in the hospital,

3

and extended home rehabilitation. He indicated that as a sole practitioner, he was able to handle some matters on a limited basis, but he had required continuances of virtually all hearings and litigation deadlines.

{¶ 8} After receiving the July 8 motion, the children's counsel checked with his paralegal, who had worked with and received the children's responses to the discovery requests but had not sent them due to a perceived need to receive a signed and notarized signature verification page. Counsel stated that the documents were inadvertently overlooked until he returned to the office, and the responses were forwarded to Deloris's counsel contemporaneously with the filing of the opposition memorandum. Counsel noted that Deloris's discovery requests were virtually identical to the documents to which the children had responded in the first will contest action. He provided an affidavit attesting to the veracity of the facts in his memorandum.

{¶ 9} On July 30, 2024, the trial court granted Deloris's motion for the requests for admission to be deemed admitted. Citing *Martin v. Martin*, 2008-Ohio-6336, ¶ 14 (2d Dist.), the court noted that Civ.R. 36 is self-executing and a trial court has no discretion whether to deem matters admitted. Turning to the case before it, the court reasoned: "In the case at bar, Defendant served admission requests pursuant to Civ.R. 36. Plaintiffs and Plaintiffs' counsel failed to respond within the requisite twenty-eight (28) day time period. Although there is much empathy for any individual to undergo medical issues as described, there is also a responsibility to ensure the wheels of justice rotate. Here, those wheels came to a grinding halt."

{¶ 10} The children appealed the trial court's July 30, 2024 decision, but we allowed them to voluntarily dismiss the appeal after we questioned whether it was a final appealable order. *In re Furrey v. Furrey*, 2d Dist. No. 30259 (Oct. 2, 2024).

4

{¶ 11} A month later, Deloris moved for summary judgment. She argued that due to the deemed admissions, no genuine issue of material fact existed and she was entitled to judgment as a matter of law. She supported the motion with an affidavit from the attorney who prepared Gerald's estate planning documents dated March 21, 2017, including the will and revocable trust. He averred that the documents were executed in accordance with Ohio law and procedure.

{¶ 12} The children opposed the summary judgment motion, reiterating their objections to the court's order deeming the requests for admission admitted. They emphasized that responses had been provided, albeit untimely, and that Deloris suffered no prejudice from the untimeliness. Plaintiffs further argued that the summary judgment motion was not timely filed based on the scheduling order and that it was a "procedural attempt to thwart Plaintiff's [sic] efforts to schedule the perpetuation deposition of an important and necessary witness, [Gerald's treating physician]."

{¶ 13} On December 31, 2024, the trial court granted summary judgment to Deloris and dismissed the case. It reasoned that "[b]ecause the admissions have conclusively established any issues of fact related to the will contest claim and appurtenant to the other claims, Defendant is entitled to judgment as a matter of law." The court further identified an "additional problem" with the case, "as it had already been voluntarily dismissed and not filed within the statute of limitations period of three (3) months after the filing of a certificate of notice of admission of the will to probate."

{¶ 14} The children appeal the trial court's judgment, raising one assignment of error.

{¶ 15} Kenneth died on January 7, 2025, after the trial court entered summary judgment for Deloris but prior to the filing of the notice of appeal. The notice of appeal was then filed on behalf of Kathleen and Kenneth. After receiving a suggestion of death, we

substituted Kenneth's attorney for Kenneth for purposes of this appeal. For the sake of clarity, we continue to refer to appellants as the children.

## II. Requests for Admission

{¶ 16} In their sole assignment of error, the children claim that the trial court abused its discretion in strictly applying Civ.R. 36 and deeming the requests for admission as admitted. They argue that the trial court consequently erred in granting summary judgment to Deloris.

{¶ 17} Civ.R. 36 governs requests for admission. It requires that "when requests for admissions are filed by a party, the opposing party must timely respond either by objection or answer." *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67 (1985); *State ex rel. Mauk v. Sheldon*, 2025-Ohio-1221, ¶ 13. "When a party fails to timely respond to requests for admissions, the admissions become facts of record that the court must recognize." *Martin*, 2008-Ohio-6336, ¶ 13 (2d Dist.), citing *Willis* at 67. "[A]ny matter admitted under Civ.R. 36 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.'" *Union Sav. Bank v. Litteral*, 2012-Ohio-5108, ¶ 12 (2d Dist.), quoting Civ.R. 36(B).

{¶ 18} We have repeatedly held that Civ.R. 36 is "self-enforcing" and that the "trial court has no discretion whether to deem the matters admitted. If the requests are not answered, they are admitted and conclusively established, and the trial court must recognize them as so." *Ohio Bell Tel. Co. v. C-5 Constr., Inc.*, 2010-Ohio-4762, ¶ 41 (2d Dist.); *Litteral* at ¶ 12; *Bank of America, N.A. v. Shailer*, 2021-Ohio-3939, ¶ 26 (2d Dist.). "Because Civ.R. 36 is self-enforcing, absent a timely answer or objection, a matter is admitted without the necessity of a court order." *Natl. Collegiate Student Loan Tr. 2005-3 v. Demers*, 2019-Ohio-1475, ¶ 19 (2d Dist.).

6

{¶ 19} "It is well established that summary judgment may be granted based on a matter that is admitted through unanswered requests for admissions." (Citations omitted.) *Demers* at ¶ 17; *Martin v. Becker*, 2025-Ohio-2356, ¶ 25 (2d Dist.); *Velocity Invests., LLC v. Kunzler*, 2023-Ohio-1689, ¶ 10 (2d Dist.).

{¶ 20} Civ.R. 36(B) permits the withdrawal or amendment of admissions when (1) doing so will aid in presenting the merits of the case and (2) the party who obtained the admissions fails to prove that the withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. *State ex rel. Mauk*, 2025-Ohio-1221, at ¶ 14, citing *Balson v. Dodds*, 62 Ohio St.2d 287 (1980), paragraph two of the syllabus. This provision balances the preference for having an action resolved on the merits with ensuring that a party who has justifiably relied on an admission in preparation for trial will not be prejudiced. *See id.*, citing *Willis*, 20 Ohio St.3d at 67. Civ.R. 36(B) does not require a written motion, nor does it dictate a time within which the motion must be filed. *Id.*

{¶ 21} The decision whether to allow the withdrawal or amendment of admissions is within the trial court's discretion. *Martin* at ¶ 26.

{¶ 22} In this case, the trial court recognized that the children's failure to timely respond to the requests for admission rendered them conclusively established. However, the court did not cite Civ.R. 36(B) or any case law addressing its ability to allow those admissions to be withdrawn, as the children requested. It is unclear from the trial court's reasoning whether it rejected the children's request on the merits or, alternatively, believed that it lacked the discretion to permit the withdrawal of the admissions and to allow the children's untimely response.

{¶ 23} Based on the record before us, the equities strongly favored the children's position. The parties had litigated the first will contest for two-and-a-half years. Deloris did

7

not dispute that she had provided similar requests for admission during the first civil action to which the children had responded. In this second action, Deloris served her discovery requests to the children in conjunction with her answer on May 1, 2024. At that time, the children's counsel was grappling with significant health issues, which inadvertently caused the children's response to the requests for admission not to be sent. Together with their opposition memorandum, the children provided their responses to the requests for admission on July 22, 2024 (a week after their attorney returned to work full-time), which was well before the October 31, 2024 discovery deadline and the January 14, 2025 trial date. Deloris has not claimed that she would be prejudiced by the withdrawal of the admissions, and no prejudice is apparent from the record. Considering the preference for having actions resolved on the merits and the particular circumstances here, the trial court abused its discretion deeming the requests for admission admitted and denying the children's motion to withdraw those admissions and to allow their untimely response.

{¶ 24} The children's assignment of error is sustained.

{¶ 25} We note that the trial court made an alternative finding that the children's will contest action was not timely refiled. Under R.C. 2107.76, a will contest action must be filed within three months of the filing of a certificate of notice of the admission of the will to probate, as described in R.C. 2107.19(A)(3). In *Allen v. McBride*, 2004-Ohio-7112, the Ohio Supreme Court held that R.C. 2305.19, Ohio's saving statute, applied to will contest actions. *Id*. at syllabus. Under that ruling, as long as the will contest action had been validly filed within the applicable limitations period, the saving statute permitted the action to be refiled if the plaintiff later voluntarily dismissed it under Civ.R. 41(A). *See id*. However, R.C. 2107.76 and 2305.19 have since been revised, undermining *Allen*'s continued viability. *See* 2006 H.B. 144 (adding

8

R.C. 2107.76(B)); 2009 S.B. 106 (repealing R.C. 2107.76(B) and adding R.C. 2305.19(C)); *Vitantonio, Inc. v. Baxter*, 2007-Ohio-6052, ¶ 8.

{¶ 26} Although preserved as an affirmative defense in her answer, Deloris did not raise the statute of limitations defense in her summary judgment motion, and the trial court provided no notice that it intended to address the issue sua sponte in its decision. *Compare Kern v. Mishler*, 2025-Ohio-1698, ¶ 46-48 (3d Dist.). In addition, the trial court's statute of limitations discussion was not necessary to resolve the summary judgment motion, nor was it part of the summary judgment analysis. Consequently, we conclude it was dicta and that it has no bearing on the outcome of this appeal. Moreover, the statute of limitations issue is more properly addressed in the first instance in the trial court with input from the parties.

## IV. Conclusion

{¶ 27} The trial court's judgment is reversed, and the matter is remanded for further proceedings.

. . . . . . . . . . . . .

HUFFMAN, J., and HANSEMAN, J., concur.

9