[Cite as *Natl. Collegiate Student Loan Trust 2005-3 v. Demers*, 2019-Ohio-1475.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| NATIONAL COLLEGIATE STUDENT LOAN TRUST 2005-3 | : | |
| | : | |
| | : | Appellate Case No. 2018-CA-93 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2017-CV-227 |
| v. | : | |
| | : | (Civil Appeal from |
| LEEANN N. DEMERS, aka LEEANN N. EVANS, et al. | : | Common Pleas Court) |
| | : | |
| | : | |
| Defendants-Appellants | | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 19th day of April, 2019.

. . . . . . . . . .

MATTHEW L. SCHRADER, Atty. Reg. No. 0074230, 200 Civic Center Drive, Suite 800, Columbus, Ohio 43215
        Attorney for Plaintiff-Appellee

MARC DANN, Atty. Reg. No. 0039425 and EMILY WHITE, Atty. Reg. No. 0085662, P.O. Box 6031040, Cleveland, Ohio 44103
        Attorneys for Defendants-Appellants

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Defendants-appellants, Leeann N. Demers, a.k.a. Leeann N. Evans, and Kevin L. Evans (collectively, "the Evanses"), appeal from a judgment of the Clark County Court of Common Pleas granting summary judgment in favor of plaintiff-appellee, National Collegiate Student Loan Trust 2005-3 ("National Collegiate"). In support of their appeal, the Evanses contend that the trial court's decision granting summary judgment was in error because the judgment was based on their failure to respond to National Collegiate's request for admissions, which they claim they timely answered. For the reasons outlined below, the judgment of the trial court will be affirmed.

### Facts and Course of Proceedings

{¶ 2} On July 20, 2005, Leeann Demers/Evans executed a $25,000 loan with Citizens Bank of Rhode Island ("Citizens Bank") to finance her education at Ohio Dominican University. Kevin Evans co-signed the loan. Shortly after the loan was executed, Citizens Bank sold the loan to National Collegiate.

{¶ 3} On April 11, 2017, National Collegiate filed a "Complaint for Money" alleging that the Evanses had defaulted on the loan. In the complaint, National Collegiate demanded judgment against the Evanses for the total amount due on the loan plus interest, which totaled $62,829.09.

{¶ 4} On August 24, 2017, after the trial court granted the Evanses a 60-day stay, the Evanses filed an answer denying the allegations in National Collegiate's complaint. Approximately four months later, National Collegiate filed a notice with the trial court certifying that it had served the Evanses' trial counsel with a request for admissions and

other discovery by regular mail on December 20, 2017.

{¶ 5} On June 13, 2018, National Collegiate filed a motion for summary judgment. In the motion, National Collegiate argued that the Evanses failed to submit answers to its request for admissions, and by operation of Civ.R. 36, the unanswered requests were deemed admitted. Based on those admissions, National Collegiate argued that there was no genuine issue of material fact left for trial and that judgment should be granted in its favor for the amount requested in the complaint.

{¶ 6} In support of its motion for summary judgment, National Collegiate attached various supporting documents, including but not limited to: (1) military status affidavits verifying that neither Leanne nor Kevin Evans was on active military duty; (2) affidavits verifying the loan at issue and the amount the Evanses owed National Collegiate as a result of defaulting on the loan; (3) the request for admissions that National Collegiate allegedly forwarded to defense counsel; and (4) a December 20, 2017 letter that National Collegiate allegedly sent to defense counsel regarding the request for admissions.

{¶ 7} Both the letter and the request for admissions specified that the Evanses had 28 days to answer and return the request. The request for admissions further advised that the matters discussed in the request would be deemed admitted unless the Evanses submitted answers within the aforementioned 28-day period. As part of the request for admissions, National Collegiate asked the Evanses to admit to executing the loan at issue and to agreeing to pay interest and late fees as prescribed by the loan. National Collegiate also asked the Evanses to admit to defaulting on the loan and to owing National Collegiate $62,829.09 as a result.

{¶ 8} The request for admissions contained a certificate of service certifying that

National Collegiate mailed the requests to defense counsel on December 20, 2017. However, National Collegiate did not provide a supporting affidavit that authenticated the request for admissions as a true and accurate copy of the document sent to the Evanses. National Collegiate also failed to provide an affidavit averring that the request for admissions went unanswered. Therefore, National Collegiate's claim that the Evanses failed to respond to the request for admissions was merely supported by a bare assertion in its motion for summary judgment.

{¶ 9} On July 5, 2018, the Evanses filed a response opposing National Collegiate's motion for summary judgment. In their response, the Evanses claimed that they had timely forwarded complete answers to National Collegiate's request for admissions by regular mail on January 9, 2018, and by e-mail on January 23, 2018. In support of this claim, the Evanses attached a copy of the answers they allegedly sent to National Collegiate and a separately signed verification page. The attached answers were undated and contained no certificate of service. The signed verification page was dated by hand, but the date was only partially legible, as it could be read as either the "19 day of Jan, 2018" or "19 day of Jun, 2018."

{¶ 10} The Evanses offered no other evidence in support of their claim that they had timely answered National Collegiate's request for admissions. Like National Collegiate, the Evanses did not provide a supporting affidavit that authenticated the copy of their answers and verification page. The Evanses also did not provide a supporting affidavit averring that they had timely sent the answers to National Collegiate.

{¶ 11} On July 19, 2018, the trial court granted National Collegiate's motion for summary judgment and ordered the Evanses to pay National Collegiate the amount

requested in the complaint. The Evanses now appeal from the trial court's judgment, raising a single assignment of error for review.

**Assignment of Error**

{¶ 12} The Evanses' assignment of error is as follows:

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF APPELLEE.

{¶ 13} Under their assignment of error, the Evanses claim that the trial court's granting summary judgment in favor of National Collegiate was in error because it was based solely on their failure to respond to National Collegiate's request for admissions. In support of this claim, the Evanses contend that they had timely answered the request for admissions and that National Collegiate otherwise failed to present evidence entitling it to summary judgment.

{¶ 14} "Under Civ.R. 56(C), summary judgment is warranted if (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach a conclusion only in favor of the moving party." *State ex rel. Jackson v. Ambrose*, 151 Ohio St.3d 536, 2017-Ohio-8784, 90 N.E.3d 922, ¶ 14, citing *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Civ.R. 56(C) also provides an inclusive list of materials that the trial court may consider when ruling on a motion for summary judgment. These materials include "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C).

{¶ 15} "Although Civ. R. 56 does not directly refer to evidentiary exhibits, such evidence may be considered when it is incorporated by reference into a properly framed affidavit pursuant to Civ. R. 56(E)." (Citation omitted.) *Citibank (South Dakota) N.A. v. Ogunduyile*, 2d Dist. Montgomery No. 21794, 2007-Ohio-5166, ¶ 10. Civ.R. 56(E) states the requirements for authentication as it relates to summary judgment. Specifically, that rule provides as follows:

> Supporting and opposing affidavits shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit.

Civ.R. 56(E).

{¶ 16} "In order to properly incorporate attached evidentiary exhibits, the affidavit needs merely to state that the attached materials are true copies and reproductions of the original documents." *Citibank* at ¶ 10, citing *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981). " 'Absent an objection, a trial court has the discretion to consider unauthenticated documents when rendering summary judgment.' " *Wolfe v. AmeriCheer, Inc.*, 10th Dist. Franklin No. 11AP-550, 2012-Ohio-941, ¶ 11, quoting *Columbus v. Bahgat*, 10th Dist. Franklin No. 10AP-943, 2011-Ohio-3315, ¶ 16; *accord State ex rel. Gilmour Realty, Inc. v. Mayfield Heights*, 122 Ohio St.3d 260, 2009-Ohio-2871, 910 N.E.2d 455, ¶ 17 (holding that courts may consider evidence that does not comply with Civ.R. 56(C), such as unsworn and unauthenticated documents, if there is no objection).

**{¶ 17}** It is well established that summary judgment may be granted based on a matter that is admitted through unanswered requests for admissions. *Great Seneca Fin. Corp. v. Lee*, 2d Dist. Montgomery No. 21134, 2006-Ohio-2123, ¶ 5; *Capital One Bank v. James*, 2d Dist. Montgomery No. 21163, 2006-Ohio-3190, ¶ 4. Civ.R. 36(A)(1) governs requests for admissions and provides, in pertinent part, as follows:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * *

(1) * * * The matter is admitted unless, within a period designated in the request, not less than twenty-eight days after service of the request or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney.

**{¶ 18}** "When a party fails to timely respond to requests for admissions, the admissions become facts of record that the court must recognize." *Martin v. Martin*, 179 Ohio App.3d 805, 2008-Ohio-6336, 903 N.E.2d 1243, ¶ 13 (2d Dist.), citing *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985). "[A]ny matter admitted under Civ.R. 36 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.' " *Union Sav. Bank v. Litteral*, 2d Dist. Montgomery No. 25106, 2012-Ohio-5108, ¶ 12, quoting Civ.R. 36(B).

{¶ 19} "This court has noted that Civ.R. 36 is 'self-enforcing' and that the 'trial court has no discretion whether to deem the matters admitted. If the requests are not answered, they are admitted and conclusively established, and the trial court must recognize them as so.' " *Id.*, quoting *Ohio Bell Tel. Co. v. C-5 Constr., Inc.*, 2d Dist. Montgomery No. 23792, 2010-Ohio-4762, ¶ 41. Because Civ.R. 36 is self-enforcing, absent a timely answer or objection, a matter is admitted without the necessity of a court order. *Huntington Natl. Bank v. Bywood, Inc.*, 10th Dist. Franklin No. 16AP-358, 2017-Ohio-2829, ¶ 13.

{¶ 20} In this case, National Collegiate's motion for summary judgment was based exclusively on matters deemed admitted as a result of the Evanses allegedly failing to timely respond to National Collegiate's request for admissions. As previously noted, National Collegiate's motion for summary judgment included unauthenticated copies of the request for admissions and the cover letter that National Collegiate allegedly served on the Evanses. National Collegiate also failed to provide an affidavit averring that its request for admissions went unanswered, but simply made that assertion in its motion. However, since the Evanses did not object to the unauthenticated exhibits and information in National Collegiate's motion for summary judgment, the trial court had discretion to consider those items when ruling on the motion. *See Wolfe*, 10th Dist. Franklin No. 11AP-550, 2012-Ohio-941, at ¶ 11; *State ex rel. Gilmour Realty, Inc.*, 122 Ohio St.3d 260, 2009-Ohio-2871, 910 N.E.2d 455, at ¶ 17.

{¶ 21} The Evanses nevertheless contend that the trial court erred in crediting National Collegiate's bare, unauthenticated assertion that the Evanses did not respond to its request for admissions over their own bare assertion that they had timely answered

the request for admissions. The Evanses maintain that since they provided the same level of proof as National Collegiate, it was unreasonable for the trial court to credit National Collegiate's claim over their claim to the contrary. Therefore, the Evanses maintain that it was inappropriate for the trial court to deem the information in the request for admissions admitted and to use those admissions when ruling on National Collegiate's motion for summary judgment.

{¶ 22} Typically, an appellate court reviews de novo a trial court's decision to grant summary judgment. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). However, before summary judgment could be ruled upon in this case, the trial court first had to determine whether National Collegiate's request for admissions was timely answered by the Evanses. *See McGuinness v. Smith*, 2d Dist. Greene No. 94-CA-52, 1995 WL 63679, * 3 (Feb. 15, 1995) (when ruling on a motion for summary judgment in which the defendant relied exclusively on deemed admissions "the trial court cannot escape making a factual determination [as to] whether [the plaintiff] timely responded to the request for admissions").

{¶ 23} The issue of whether the Evanses timely answered National Collegiate's request for admissions was a discovery matter that was within the broad discretion of the trial court. Therefore, we review such a decision for an abuse of discretion. *In re D.M.*, 140 Ohio St.3d 309, 2014-Ohio-3628, 18 N.E.3d 404, ¶ 9 ("[t]he standard of review of a trial court's decision in a discovery matter is whether the court abused its discretion"); *Gerken v. State Auto Ins. Co. of Ohio*, 2014-Ohio-4428, 20 N.E.3d 1031, ¶ 16 (4th Dist.) (applying abuse of discretion standard of review to question of whether plaintiff's responses to a request for admissions were timely filed, noting a trial court maintains

broad discretion in regulating the discovery process); *Progressive Cas. Ins. Co. v. Harrison*, 2d Dist. Montgomery No. 21521, 2007-Ohio-579, ¶ 7, 11 (applying abuse of discretion standard of review to question of whether trial court erred in finding that defendant failed to answer a request for admissions, noting the decision whether to admit or exclude evidence lies in the sound discretion of the trial court).

**{¶ 24}** " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary or unconscionable." (Citation omitted.) *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). "It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary." *Id.* "A decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.* When applying an abuse of discretion standard, the appellate court is not free to simply substitute its judgment for that of the trial court. *Berk v. Matthews*, 53 Ohio St.3d 161, 559 N.E.2d 1301, 1308 (1990).

**{¶ 25}** Here, when considering the evidence provided by both parties, it is clear that the trial court was left with two conflicting, unauthenticated claims as to whether the Evanses timely responded to National Collegiate's request for admissions. Despite this, when considering the unique facts of this case, we do not find that it was unreasonable for the trial court to find that the Evanses did not timely respond to National Collegiate's request for admissions.[1] We reach this conclusion because the Evanses failed to

---

[1] Although the trial court did not make an explicit finding that the Evanses failed to timely respond to the request for admissions, said finding is implicit in the trial court's decision granting National Collegiate's motion for summary judgment, as the motion was based solely on matters admitted through the unanswered request for admissions.

provide the trial court with any evidence of their claim that they sent answers to National Collegiate via regular mail on January 9, 2018, and via e-mail on January 23, 2018. For example, the Evanses could have provided a copy of the e-mail allegedly sent to National Collegiate or some proof of mailing, such as a cover letter, but they did neither.

{¶ 26} Moreover, the answers the Evanses provided to the trial court did not contain a certificate of service that certified the date and manner of service as required by Civ.R. 5(B)(4). Although the Evanses included a signed and dated verification page, the date on the verification page was illegible and subject to two different interpretations. As previously noted, the date could be read as either the "19 day of Jan, 2018" or "19 day of Jun, 2018." When considering these dates, it is significant that National Collegiate's motion for summary judgment was filed on June 13, 2018. Given that date, it would be reasonable for the trial court to assume that the motion for summary judgment prompted the Evanses to answer the request for admissions and sign the verification page approximately a week later on June 19, 2018, making the responses untimely.

{¶ 27} Although this court may have decided the matter differently due to the parties' failing to authenticate their respective claims, we may not substitute our judgment for that of the trial court. *Berk*, 53 Ohio St.3d 161, 559 N.E.2d at 1308. Instead, we are tasked with determining whether it was unreasonable for the trial court to find that the Evanses' responses were untimely based on the evidence presented by the parties. Under the specific circumstances of this case, we find that the trial court's decision was not unreasonable, and thus not an abuse of discretion.

{¶ 28} Because the trial court found that the Evanses' answers were untimely, it had no choice but to consider the matters in the request for admissions admitted and

conclusively established. At no point did the Evanses request the trial court to withdraw the admissions as permitted by Civ.R. 36(B). Given the nature of the request for admissions, the Evanses admitted to having a student loan with National Collegiate, being in default of that loan, and owing National Collegiate $62,829.09. As a result of those admissions, there was no genuine issue of material fact left for trial. The trial court therefore properly granted summary judgment in favor of National Collegiate.

{¶ 29} The Evanses' assignment of error is overruled.

## Conclusion

{¶ 30} Having overruled the Evanses' assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies sent to:

Matthew L. Schrader
Marc Dann
Emily White
Hon. Richard J. O'Neill