[Cite as *Bank of Am., N.A. v. Shailer*, 2021-Ohio-3939.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29036 |
| | : | |
| v. | : | Trial Court Case No. 2020-CVF-1096E |
| | : | |
| BOBBY M. SHAILER | : | (Civil Appeal from |
| | : | Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 5th day of November, 2021.

. . . . . . . . . . .

SEAN M. WINTERS, Atty. Reg. No. 0084612, 2489 Stelzer Road, Suite 100, Columbus, Ohio 43219
        Attorney for Plaintiff-Appellee

BOBBY M. SHAILER, 4880 Springfield Street, Apt. 6, Dayton, Ohio 45431
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

EPLEY, J.

{¶ 1} Bobby M. Shailer, pro se, appeals from a judgment of the Municipal Court of Montgomery County, Eastern Division, which granted summary judgment to Bank of America, N.A., on its claims based on Shailer's unpaid credit card balance. For the following reasons, the trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

## I. Facts and Procedural History

{¶ 2} On October 2, 2020, Bank of America filed a complaint against Shailer in municipal court, raising an action on account and unjust enrichment. The bank attached two credit card statements for the periods of March 5 to April 4, 2017 (account ending 0132) and May 5 to June 4, 2019 (account ending 2133). The bank alleged that the June 2019 statement, with a balance of $2,315.36, was the last periodic statement provided to Shailer before the debt was written off as uncollectible. Bank of America requested judgment in that amount ($2,315.36), plus court costs.

{¶ 3} Shailer responded to the complaint, alleging that he was not responsible for the debt due to violations of the Fair Debt Collection Practices Act (FDCPA) by the bank's attorneys and because he had no contract with the attorneys. A magistrate set a trial date of February 10, 2021.

{¶ 4} On December 7, 2020, Bank of America filed a notice of service of its first set of interrogatories, request for production of documents, and request for admissions. The notice stated that Shailer had been served with those discovery requests by first class mail on November 25, 2020. Consistent with Civ.R. 5(D), the first set of interrogatories, request for production of documents, and request for admission were not filed with the

court along with the notice of service.

{¶ 5} On January 5, 2021, Bank of America sought leave to file a motion for summary judgment. The next day, the trial court granted the motion for leave and, minutes later, the bank's motion for summary judgment was filed. The bank's motion asserted that Shailer had failed to respond to the request for admissions, that those matters must be deemed admitted, and that no genuine issues of fact, therefore, existed. The bank further asserted that it was not required to produce a written contract between the parties and that Shailer's use of the credit card was sufficient to establish a contractual relationship. In support of its motion, Bank of America attached a copy of its request for admissions and copies of the same two billing statements that had been attached to its complaint. In addition, one of the bank's attorneys filed an affidavit that Shailer was not on active duty in the United States military (and therefore not entitled to a range of protections under the Servicemembers Civil Relief Act).

{¶ 6} Shailer responded to Bank of America's summary judgment motion on January 19, 2021. He asserted in his opposition memorandum that (1) he could not respond to the bank's request for admissions, because he never received the bank's discovery packet; (2) the bank did not timely file its notice of service and discovery requests, (3) the court should not consider the bank's motion for summary judgment; (4) he "has not admitted to anything, and does not admit to anything," (5) the bank had the burden to prove Shailer's financial responsibility for the alleged debt; and (6) the bank had not provided proof of validation for the alleged debt and had violated the FDCPA. Shailer also enumerated several items that he had requested from Bank of America, and he claimed that the bank had yet to respond. Shailer attached copies of correspondence

between the bank's attorneys and him.

{¶ 7} A week later, Shailer timely filed an addendum to his response. He emphasized that the only evidence from the bank that could be considered was the "uncertified account statement pages, which also fail for not being certified."

{¶ 8} Shortly after the addendum was filed, the trial court granted Bank of America's motion for summary judgment. The court concluded, in summary fashion, that "upon the examination of the records and the uncontroverted Requests for Admissions in the record, * * * there appears to be no genuine issue of fact." The court entered judgment in the bank's favor in the amount of $2,315.36, plus court costs.

{¶ 9} Shailer appeals from the trial court's judgment, raising nine assignments of error. We will address his assignments of error in a manner that facilitates our analysis.

## II. Summary Judgment Standard

{¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998). The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated. *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988). To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). The substantive law of the claim or claims being litigated determines whether a fact is

"material." *Perrin v. Cincinnati Ins. Co.*, 2020-Ohio-1405, 153 N.E.3d 832, ¶ 29 (2d Dist.).

{¶ 11} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings. *Dresher* at 293; Civ.R. 56(E). Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial. *Dresher* at 293. Throughout, the evidence must be construed in favor of the nonmoving party. *Id.*

{¶ 12} We review the trial court's ruling on a motion for summary judgment de novo. *Schroeder v. Henness*, 2d Dist. Miami No. 2012-CA-18, 2013-Ohio-2767, ¶ 42. De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial. *E.g., Ward v. Bond*, 2d Dist. Champaign No. 2015-CA-2, 2015-Ohio-4297, ¶ 8; *Harris v. Dayton Power & Light Co.*, 2d Dist. Montgomery No. 25636, 2013-Ohio-5234, ¶ 11.

### III. Evidence for Summary Judgment Review

{¶ 13} In support of its motion for summary judgment, Bank of America relied upon statements deemed admitted due to Shailer's failure to respond to the bank's request for admissions, as well as two credit card statements. In response, Shailer attached copies of correspondence to his opposition memorandum. On appeal, he presents additional documents in appendices to his appellate brief.

{¶ 14} We begin with the documents attached to Shailer's appellate brief. In reviewing the judgment on appeal, we are limited to the record before the trial court. *E.g.,*

*Bajaj v. Green*, 2d Dist. Darke No. 2021-CA-7, 2021-Ohio-3113, ¶ 10; *Kahler v. Eytcheson*, 2d Dist. Montgomery No. 23523, 2012-Ohio-208, ¶ 23. "An exhibit merely appended to an appellate brief is not part of the record, and we may not consider it in determining the appeal." *Williams v. Pioneer Credit Recovery, Inc.*, 2d Dist. Montgomery No. 28524, 2020-Ohio-397, ¶ 16, quoting *State v. Grant*, 10th Dist. Franklin No. 12AP-650, 2013-Ohio-2981, ¶ 12. Accordingly, we cannot consider any new exhibits attached to Shailer's brief in resolving this appeal.

{¶ 15} Turning to the evidence presented in the trial court, Civ.R. 56(C) lists the type of evidence that a court may consider in ruling on a motion for summary judgment. That list includes "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact[.]" Civ.R. 56(C). Absent an exception, hearsay may not be considered in a motion for summary judgment. *E.g.*, *Bledsoe-Baker v. Trotwood*, 2d Dist. Montgomery No. 28052, 2019-Ohio-45, ¶ 28.

{¶ 16} "Although Civ.R. 56 does not directly refer to evidentiary exhibits, such evidence may be considered when it is incorporated by reference into a properly framed affidavit pursuant to Civ.R. 56(E)." *Natl. Collegiate Student Loan Tr. 2005-3 v. Demers*, 2d Dist. Clark No. 2018-CA-93, 2019-Ohio-1475, ¶ 15, quoting *Citibank (South Dakota) N.A. v. Ogunduyile*, 2d Dist. Montgomery No. 21794, 2007-Ohio-5166, ¶ 10. Civ.R. 56(E) requires affidavits to be "made on personal knowledge," to "set forth such facts as would be admissible in evidence," and to "show affirmatively that the affiant is competent to testify to the matters stated in the affidavit."

{¶ 17} Civ.R. 56(E) further requires that "[s]worn or certified copies of all papers or

parts of papers referred to in an affidavit" be attached to or served with the affidavit. Civ.R. 56(E). To properly incorporate attached evidentiary exhibits, an affidavit merely needs to state that "the attached materials are true copies and reproductions of the original documents." *Demers* at ¶ 16, citing *Citibank* at ¶ 10 and *State ex rel. Corrigan v. Seminatore*, 66 Ohio St.2d 459, 467, 423 N.E.2d 105 (1981).

{¶ 18} A trial court may consider evidence that has not been authenticated if the non-moving party fails to object. *Id.; see Credit Invests., Inc. v. Obanion*, 2d Dist. Montgomery No. 26129, 2014-Ohio-5799, ¶ 15 (failure to raise a hearsay or authentication challenge in a memorandum in opposition to summary judgment waived that issue for appeal).

### A. Credit Card Statements

{¶ 19} In his ninth assignment of error, Shailer claims that "[n]on-public record documents, without a supporting witness, should be properly authenticated before being accepted into evidence." Shailer specifically argues that the credit card statements were not properly authenticated and should not have been considered by the trial court in ruling on Bank of America's summary judgment motion.

{¶ 20} Bank of America submitted two credit card statements in support of its summary judgment motion. As noted by Shailer, however, Bank of America failed to provide a properly framed affidavit to authenticate them. Although Shailer did not expressly object to consideration of the bank's credit card statements in his initial opposition memorandum, he stated in his addendum that "the uncertified account statement pages * * * also fail for not being certified." He repeatedly referred to the FDCPA as a basis for why the statements were not proper evidence, and we construe

Shailer's opposition memoranda as raising an authentication challenge.

{¶ 21} In its appellate brief, Bank of America comments that "[t]here is no evidence in the record to suggest, however, that the trial court considered those documents [the credit card statements] when granting Bank of America's Motion for Summary Judgment." The bank emphasizes that Shailer failed to provide evidence to rebut the facts "conclusively established" by his failure to respond to the request for admissions.

{¶ 22} In ruling on the summary judgment motion, the trial court indicated that it had conducted an "examination of the records." It is unclear whether that means that the trial court considered the bank's credit card statements. Regardless, for purposes of our review, we conclude that, in light of Shailer's objection to the court's consideration of the unauthenticated credit card statements, the trial court should not have considered them in ruling on the summary judgment motion.

### B. Request for Admissions

{¶ 23} In his first and fourth assignments of error, Shailer argues that Bank of America's discovery packet, which included its request for admissions, was not properly served and, therefore, the trial court erred in deeming Bank of America's request for admissions admitted due to his failure to respond. Shailer's fifth assignment of error specifically addresses the bank's alleged failure to properly serve "interrogatories" by electronic means, and he argues that "any granting of Summary Judgment, on the basis of unanswered interrogatories, [was] invalid." Because Bank of America did not rely on interrogatories, it appears that Shailer has confused the terms interrogatories and requests for admission or conflated them.

{¶ 24} Civ.R. 36 governs requests for admissions. It provides, in relevant part:

**(A) Availability; procedures for use.** A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Civ.R. 26(B) set forth in the request, that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. * * * The party serving the request for admission shall serve an electronic copy of the request on a shareable medium and in an editable format, by electronic mail, or by other means agreed to by the parties.   A party who is unable to provide an electronic copy of a request for admission may seek leave of court to be relieved of this requirement

* * *

**(B) Effect of admission.** Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. * * *

Civ.R. 36(A), (B).

{¶ 25} "When a party fails to timely respond to requests for admissions, the admissions become facts of record that the court must recognize."  *Martin v. Martin*, 179 Ohio App.3d 805, 2008-Ohio-6336, 903 N.E.2d 1243, ¶ 13 (2d Dist.), citing *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985).   "[A]ny matter admitted under Civ.R. 36 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission.' " *Union Sav. Bank v. Litteral*, 2d Dist. Montgomery No. 25106, 2012-Ohio-5108, ¶ 12, quoting Civ.R. 36(B).

{¶ 26} We have repeatedly held that Civ.R. 36 is "self-enforcing" and that the "trial

court has no discretion whether to deem the matters admitted. If the requests are not answered, they are admitted and conclusively established, and the trial court must recognize them as so." *Ohio Bell Tel. Co. v. C-5 Constr., Inc.*, 2d Dist. Montgomery No. 23792, 2010-Ohio-4762, ¶ 41; *Litteral* at ¶ 12; *Demers*, 2d Dist. Clark No. 2018-CA-93, 2019-Ohio-1475, at ¶ 19. "Because Civ.R. 36 is self-enforcing, absent a timely answer or objection, a matter is admitted without the necessity of a court order." *Demers* at ¶ 19.

{¶ 27} However, the self-enforcing nature of Civ.R. 36 presupposes that the request for admissions has been properly served. *See Spy v. Arbor Park Phase One Assoc.*, 8th Dist. Cuyahoga No. 108819, 2020-Ohio-2944, ¶ 33 (the trial court abused its discretion in deeming the requests for admissions admitted when the record demonstrated that the requests had not been properly served). In 2004, Civ.R. 36 was amended to require service of a printed copy and the provision of an electronic copy of a request for admissions. As of 2012, however, service of a request for admissions must be made by electronic means. As noted in the Staff Notes to the 2012 amendment,

> The 2012 amendment [to Civ.R. 36] simply requires that an electronic copy be served, which can be accomplished electronically under the 2012 amendment to Civ.R. 5(B), or by any other method provided under Civ.R. 5(B). Although service of a paper copy is no longer necessary, it is not prohibited and would be appropriate, for example, when a party who is unable to provide an electronic copy is relieved of that requirement by the court.

The 2012 amendments were intended to make separate service of a printed copy "unnecessary except for unusual circumstances." Staff Notes to 2014 amendments to

Civ.R. 36.

{¶ 28} In this case, Bank of America failed to comply with Civ.R. 36(A) when it served its request for admissions. Bank of America's notice of service of its discovery requests, filed on December 7, 2020, indicated that the bank's first set of interrogatories, request for production of documents, and request for admissions were served on Shailer by first class mail on November 25, 2020. There is no indication in the record that Bank of America served Shailer an electronic copy of the request for admissions, as required by Civ.R. 36(A), or requested leave to be relieved of that requirement. In addition, in his memorandum in opposition to Bank of America's motion for summary judgment, Shailer told the court that he had not received the bank's mailed discovery requests, including the request for admissions, and that he was not admitting anything. Although not specifically raised by Shailer, we also note that Bank of America failed to authenticate the request for admissions that it submitted as evidence.

{¶ 29} On this record, we conclude that the trial court erred in deeming the facts in Bank of America's request for admission admitted. Accordingly, the trial court should not have considered those purported admitted facts in ruling on Bank of America's motion for summary judgment. Shailer's challenge to the trial court's consideration of Bank of America's request for admissions is sustained.

### C. Shailer's Correspondence

{¶ 30} Shailer attached two pieces of correspondence to his memorandum opposing Bank of America's motion for summary judgment: (1) a letter from him to Levy & Associates, counsel for Bank of America, dated July 17, 2020 but apparently sent on August 17, 2020, along with facsimile and mailing information, and (2) correspondence

from Levy & Associates to Shailer, dated November 10, 2020. Bank of America did not file a reply memorandum in the trial court or move to strike Shailer's exhibits. It therefore was within the trial court's discretion whether to consider Shailer's exhibits.

### IV. Review of Summary Judgment

{¶ 31} In his first assignment of error, Shailer claims that the trial court erred in granting the bank's motion for summary judgment on its claims, because genuine issues of material fact existed.

### A. Action on Account

{¶ 32} An action on account is really one for breach of contract. *Kwikcolor Sand v. Fairmount Minerals Ltd.*, 8th Dist. Cuyahoga No. 96717, 2011-Ohio-6646, ¶ 13. To prove a breach of contract claim, a plaintiff must establish the existence of a contract, performance by the plaintiff, breach by the defendant, and resulting damage to the plaintiff. *E.g., Discover Bank v. Pierce*, 2d Dist. Montgomery No. 25755, 2014-Ohio-625, ¶ 14. "Ohio recognizes that the issuance and use of a credit card can create a legally binding agreement." *Unifund CCR Partners Assignee of Palisades Collection, LLC v. Childs*, 2d Dist. Montgomery No. 23161, 2010-Ohio-746, ¶ 17; *see also, e.g., Discover Bank c/o DFS Servs. L.L.C. v. Lammers*, 2d Dist. Greene No. 2008-CA-85, 2009-Ohio-3516. No written agreement is required. *Pierce* at ¶ 14*.

{¶ 33} An action on account "simplifies pleadings by allowing a party to advance, as one claim, claims for separate breaches of contract based on a series of transactions by providing a summary of accounting for the transactions." *Kwikcolor Sand* at ¶ 13. "The cause of action exists only as to the balance that may [be] due one of the parties as a result of the parties' transactions, and not as to each item of the account." (Citation

omitted.)  *Rumpke v. Acme Sheet and Roofing, Inc.*, 2d Dist. Montgomery No. 17654, 1999 WL 1034455, *4 (Nov. 12, 1999).

**{¶ 34}** To establish the amount due on the account, a plaintiff must prove "(1) a beginning balance (zero, or a sum that can qualify as an account stated, or some other provable sum); (2) listed items, or an item, dated and identifiable by number or otherwise, representing charges, or debits, and credits; and (3) a summarization by means of a running or developing balance, or an arrangement of beginning balance and items which permits the calculation of the amount claimed to be due."  (Citation omitted.) *Lammers* at ¶ 20; *Pierce* at ¶ 17.  "Absolute certainty of proof is not required, but there must be something upon which the court can form its judgment."  *Rumpke* at *4; *see also R.H. Donnelley Pub. & Advertising v. Armstrong*, 2d Dist. Miami No. 2012-CA-15, 2013-Ohio-1927, ¶ 19.

**{¶ 35}** Construing the evidence in the light most favorable to Shailer, Bank of America has failed to present evidence to support its claim.   In the absence of statements deemed admitted by the trial court, Bank of America provided no evidence to establish that Shailer made purchases with a Bank of America credit card (account ending 2133), that the account had a final balance of $2,315.36, that Shailer was not entitled to any credits, offsets, or deductions from that amount, or that he owed $2,315.36 to Bank of America.  Bank of America did not present an affidavit from any employee regarding Shailer's account, and it did not provide any evidence showing a beginning credit account balance, a list of charges to the account, or any means to ascertain the balance due.

**{¶ 36}** Even if we were to consider the two credit card statements, the June 2019 credit card statement for account ending 2133 shows that the statement was sent to

Shailer and had a balance due of $2,315.36. The only transactions noted on that statement were a $45 payment made on May 28, 2019, and a charge of $45 on May 30, 2019 due to payment's being returned. The June 2019 statement, alone, was insufficient to establish the amount due on the account.

{¶ 37} The relevance of the April 2017 statement to Bank of America's claim is not apparent. Although the statement was sent to someone named "Bobby M. Shailer," the statement was mailed to an address in Sunland, California and concerned a different account number (account ending 0132) than shown on the 2019 statement. In addition, the April 2017 statement merely reflected a beginning balance of $1,515.03 and showed various purchases which were reversed as fraudulent charges. Bank of America has provided no evidence under Civ.R. 56 to explain the relationship, if any, of the April 2017 statement to the June 2019 statement.

{¶ 38} With the record before us, the trial court erred in granting summary judgment to Bank of America on its action on account.

**B. Unjust Enrichment**

{¶ 39} Bank of America also brought a claim for unjust enrichment. In its appellate brief, Bank of America focuses on its contract claim (as it did in the trial court) and does not separately address the unjust enrichment claim. Upon review of the evidence, we conclude that the trial court could not have properly granted summary judgment to Bank of America based on unjust enrichment.

{¶ 40} "Unjust enrichment occurs when a person 'has and retains money or benefits which in justice and equity belong to another.' " *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 2005-Ohio-4985, 834 N.E.2d 791, ¶ 20, quoting *Hummel v. Hummel*, 133

Ohio St. 520, 528, 14 N.E.2d 923 (1938); *Bakhshi v. Baarlaer*, 2d Dist. Montgomery No. 28767, 2021-Ohio-13, ¶ 101. Unjust enrichment requires " '(1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment ("unjust enrichment").' " *Hambleton v. R.G. Barry Corp.*, 12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984), quoting *Hummel* at 525; *Dart v. Katz*, 2d Dist. Montgomery No. 28913, 2021-Ohio-1429, ¶ 55.

**{¶ 41}** Claims for breach of contract and unjust enrichment are mutually exclusive. *TruLogic, Inc. v. Gen. Elec. Co.*, 2d Dist. Greene No. 2021-CA-3, 2021-Ohio-2860, ¶ 3; *Booher Carpet Sales, Inc. v. Erickson*, 2d Dist. Greene No. 98-CA-0007, 1998 WL 677159, *6 (Oct. 2, 1998); *see also Wiggins v. Safeco Ins. Co. of Indiana*, 2d Dist. Montgomery No. 29034, 2021-Ohio-3526, ¶ 19. "Unjust enrichment involves a contract implied in law. Where an express agreement exists, there can be no implied agreement." *TruLogic.* at ¶ 3.

**{¶ 42}** As with its action on account, Bank of America failed to present evidence of the benefit conferred by the bank on Shailer and the retention of that benefit by Shailer under circumstances that would be unjust. Accordingly, Bank of America did not establish that it was entitled to summary judgment on its unjust enrichment claim.

**{¶ 43}** Shailer's first assignment of error is sustained.

### V. Shailer's Additional Assignments of Error

**{¶ 44}** Shailer raises several additional assignments of error, which generally assert that he had a right to jury trial, that Bank of America and its attorneys were prohibited from attempting to collect the alleged debt from him due to violations of the

FDCPA, and that Bank of America failed to comply with the Ohio Rules of Civil Procedure regarding the filing and service of documents and discovery. In light of our conclusion that the trial court erred in granting summary judgment to Bank of America, Shailer's additional assignments of error are overruled as moot.

## VI. Conclusion

**{¶ 45}** The trial court's judgment will be reversed, and the matter will be remanded for further proceedings.

. . . . . . . . . . . . .

TUCKER, P. J. and WELBAUM, J., concur.

Copies sent to:

Sean M. Winters
Bobby M. Shailer
Hon. William C. Cox