[Cite as *Columbus State Community College v. Chanthunya*, 2025-Ohio-4967.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| COLUMBUS STATE COMMUNITY COLLEGE | : | |
| | : | C.A. No. 30486 |
| | : | |
| Appellee | : | Trial Court Case No. 2024 CV 03509 |
| | : | |
| v. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| ALEX T. CHANTHUNYA | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| Appellant | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on October 31, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, P.J., and HUFFMAN, J., concur.

OPINION

ALEX T. CHANTHUNYA, Appellant, Pro Se
JEFFREY L. KOBERG and MATTHEW W. MCDONALD, Attorneys for Appellee

TUCKER, J.

**{¶ 1}** Alex T. Chanthunya appeals pro se from the trial court's entry of summary judgment in favor of plaintiff-appellee, Columbus State Community College ("CSCC"), on its breach-of-contract complaint.

**{¶ 2}** Chanthunya contends the trial court erred in granting CSCC summary judgment where (1) he was not properly served with CSCC's motion or written requests for admission, (2) the record contained evidence that he never attended CSCC or incurred a financial obligation, (3) the trial court improperly relied on deemed admissions, and (4) no contractual or equitable obligation to pay was established.

**{¶ 3}** We conclude that Chanthunya was properly served with CSCC's motion for summary judgment and its requests for admission. Based on his failure to respond to the request, the trial court did not err in deeming the matters at issue admitted. The deemed admissions and an affidavit accompanying CSCC's motion established its entitlement to judgment as a matter of law based on failure to pay a delinquent student account. Accordingly, the trial court's judgment is affirmed.

## I. Background

**{¶ 4}** CSCC filed a complaint against Chanthunya in June 2024 alleging non-payment of a student account and unjust enrichment. The complaint asserted that he had incurred charges for "tuition, fees, and/or loan proceeds" and owed $6,722.76. The trial court initially

entered a default judgment against Chanthunya but later vacated it. He then unsuccessfully moved to dismiss the complaint.

**{¶ 5}** In February 2025, Chanthunya moved for summary judgment based on a statute-of-limitation defense. CSCC opposed his motion and filed its own motion for summary judgment. In support, CSCC relied on Chanthunya's failure to respond to requests for admission, as well as an affidavit from a collection supervisor employed by the Ohio Attorney General's Office.

**{¶ 6}** In May 2025, the trial court overruled Chanthunya's motion and sustained CSCC's motion. Regarding Chanthunya's motion, the trial court rejected his statute-of-limitation argument and found the introduction of a written contract not required. As for CSCC's motion, the trial court deemed admitted the matters addressed in the unanswered requests for admission. Based on the matters deemed admitted and the collection supervisor's affidavit, the trial court found no genuine issue of material fact and entered judgment for CSCC in the amount of $6,722.76 plus interest and costs. Chanthunya timely appealed, advancing four assignments of error.

## II. Analysis

**{¶ 7}** The first and third assignments of error are related. They challenge the validity of CSCC's e-mail service of its requests for admission and its motion for summary judgment. The first and third assignments of error state:

**The Trial Court Committed Reversible Error by Granting Summary Judgment on a Motion That Was Never Properly Served on Appellant in Violation of Civ.R. 5(B).**

3

**The Trial Court Erred by Relying on Deemed Admissions That Were Never Properly Served on Appellant, in Violation of Civ.R. 5(B), as the Basis for Summary Judgment.**

{¶ 8} Chanthunya challenges the validity of CSCC's service of its requests for admission and subsequent motion for summary judgment. He asserts that he never enrolled in the trial court's electronic-filing system and that he did not consent to e-mail service. Therefore, he maintains that Civ.R. 5(B)(2)(c) obligated CSCC to serve him with a paper copy of its requests for admission and its motion, either by mail or personal delivery. He argues that CSCC violated this requirement by electing e-mail service for both documents. According to Chanthunya, he never received the requests for admission, never received an e-mail, and remained unaware of CSCC's motion for summary judgment until after the trial court entered judgment against him.

{¶ 9} Upon review, we find the first and third assignments of error to be without merit. Although service may be perfected by personal delivery or by mailing a document to a person's last known address, these are not the only permissible methods. Notably, Civ.R. 5(B)(2)(f) authorizes electronic service by e-mail. "The parameters of service by email can vary depending on the controlling rule or procedure." *Keil v. Ohio Atty. Gen.*, 2025-Ohio-1034, ¶ 8 (10th Dist.). "Under Civ.R. 5(B)(1), '[w]henever a party is not represented by an attorney, service under this rule shall be made upon the party.' Service under Civ.R. 5 may be completed by '[s]ending it by electronic means to a facsimile number or e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served.' Civ.R. 5(B)(2)(f)." *Id*. In turn, "Civ.R. 11 directs that a party not represented by counsel 'shall sign, by electronic signature or by hand, the pleading, motion, or other document and state

4

the party's address, a telephone number, facsimile number, if any, and personal e-mail address, if any, for service by electronic means under Civ.R. 5(B)(2)(f).'" *Id*.

{¶ 10} Here Chanthunya was not represented by counsel. Therefore, CSCC was required to serve him. Under Civ.R. 5(B)(2)(f), it could do so by sending its requests for admission and motion for summary judgment to any e-mail address that had been provided by him in accordance with Civ. 11. As noted above, Civ.R. 11 directed him to sign a pleading, motion, or other document and to state a personal e-mail address, if any, "for service by electronic means under Civ.R. 5(B)(2)(f)." Chanthunya complied with Civ.R. 11 early in the case when he filed an answer that included an e-mail address under the signature line. CSCC sent its requests for admission and motion for summary judgment to the e-mail address that had been provided by Chanthunya. Consequently, under Civ.R. 5(B)(2)(f), service was complete upon transmission and remained effective provided CSCC did not learn that e-mail service failed to reach him. The record contains no evidence that CSCC's e-mail never reached Chanthunya or that CSCC discovered such a fact. Contrary to Chanthunya's argument, nothing in Civ.R. 5(B) obligated CSCC to serve him either by personal delivery or by mailing a document to his last known address.

{¶ 11} Although Chanthunya does not cite Civ.R. 36(A) in his argument, that provision did obligate CSCC to "provide" him with a paper copy of its requests for admission. In relevant part, Civ.R. 36(A) states: "Whenever feasible, the party serving the request for admission shall serve the request pursuant to Civ.R. 5(B)(2)(f) or (B)(3) on a shareable medium and in an editable format. If the party being served is unrepresented by counsel, the serving party also shall provide a paper copy of the request to the unrepresented party." Here CSCC served Chanthunya electronically pursuant to Civ.R. 5(B)(2)(f) but failed also to provide him with a paper copy of its requests for admission, as required by Civ.R. 36(A). In

5

an October 28, 2024 e-mail to Chanthunya, CSCC informed him that e-mail service was all he would receive unless he specifically requested otherwise. *See* CSCC's February 20, 2025 Motion for Summary Judgment, Ex. C. CSCC's perfection of e-mail service under Civ.R. 5(B)(2)(f) and failure to provide Chanthunya with a paper copy as required by Civ.R 36(A) raises an issue as to the remedy. Fortunately, a historical review of Civ.R. 36(A) provides an answer.

{¶ 12} As amended in 2004, Civ.R. 36(A) required a printed copy of a request for admission to be "served" on all recipients while also directing the serving party to "provide" recipients with an electronic copy. The 2012 staff note following Civ.R. 36 explains that this "requirement was problematic not only because of the required dual format but also in determining a party's recourse when a paper copy was served but an electronic copy was not provided[.]" The 2009 staff note following Civ.R. 36 explains that the dilemma was resolved by a 2009 amendment. Discussing that amendment, the 2009 staff note states:

> The 2004 amendment did not specify a consequence for the failure to provide an electronic copy. Because the time designated in the request for responding runs from service, and only the printed copy is served, the amendment left uncertain the obligations and appropriate remedy for a party served with a printed copy of requests for admission, but not provided with an electronic copy. The 2009 amendment specifies the consequence and appropriate remedy for this situation.
>
> The amendment confirms that the period for responding, which is designated by the requesting party and cannot be less than twenty-eight days, shall run from the day of service of the printed copy, and that the failure to provide an electronic copy does not alter the response period. However, if

6

before the designated period has expired, the responding party requests that the period be enlarged pursuant to Rule 6(B) because the requesting party has not provided an electronic copy, that reason shall constitute good cause for granting the requested extension, and the court's order may require that an electronic copy be provided.

The amendment strikes a balance between the respective duties of the parties when a provision which merely makes it easier to transcribe the responses to a request for admission is not followed. It enforces the duty of the party requesting admissions to provide an electronic copy unless otherwise relieved of that obligation by the court. At the same it time [sic] makes it clear that a responding party served with a printed copy of a request for admissions cannot rely on the failure to receive an electronic copy as reason to do nothing

. . . .

{¶ 13} After electronic communication gained wider adoption, a 2012 amendment to Civ.R. 36 began requiring electronic service of a request for admission and eliminated the need for service of a paper copy. *Bank of America, N.A. v. Shailer*, 2021-Ohio-3939, ¶ 27 (2d Dist.). As of 2023, however, Civ.R. 36(A) now provides for a non-represented party like Chanthunya to be "served" with a request for admission electronically *and* to be "provided" with a paper copy. Although CSCC failed to provide him with a paper copy, the foregoing staff note analysis persuades us that CSCC's omission did not affect the validity of its service under Civ.R. 5(B)(2)(f).

{¶ 14} As explained above, a party's failure to "provide" an electronic copy when a paper copy was required to be "served" did not negate the validity of service. *See Gerken v. State Auto Ins. Co. of Ohio*, 2014-Ohio-4428, ¶ 21 (4th Dist.) (citing the Civ.R. 36(A) staff

7

notes and recognizing that a responding party "served" with a printed copy of a request for admission could not rely on a failure to receive an electronic copy and "do nothing"). The remedy was simply that the recipient had good cause for an extension of time to respond. In essence, under the former version of the Civ.R. 36, providing an electronic copy after proper service of a paper copy was a convenience or courtesy to the recipient, not a core due-process requirement affecting service. We see no reason to reach a different conclusion under the current version of Civ.R. 5(B)(2)(f) and Civ.R. 36(A), which together authorized CSCC to "serve" Chanthunya by e-mail while requiring him to be "provided" with a paper copy of the requests for admission. Accordingly, we conclude that CSCC obtained valid service when it e-mailed the document to an address he had provided.

{¶ 15} Chanthunya nevertheless contends service was improper because he "never enrolled in the court's electronic filing system and never consented to service by email." As noted above, however, he provided his e-mail address on his answer to the complaint. Under Civ.R. 11, CSCC was entitled to use this address "for service by electronic means under Civ.R. 5(B)(2)(f)." We note too that Civ.R. 5(B)(2)(f) only requires a written agreement or consent for electronic service if parties have opted to rely on an "electronic media platform" other than e-mail or fax. Chanthunya also asserts that CSCC originally served him with requests for admission by e-mail in an earlier municipal court case that it dismissed. He claims CSCC never served him with another set of requests for admission when it refiled the present action in common pleas court. This argument is belied by the record, which reflects that CSCC served its requests for admission on Chanthunya by e-mail on October 28, 2024.

{¶ 16} In a final argument under his third assignment of error, Chanthunya faults the trial court for not treating his deemed admissions as withdrawn. His failure to respond to

8

CSCC's requests for admission resulted in the matters raised becoming established facts. The provisions of Civ.R. 36 are self-executing, meaning that a trial court has no discretion and must recognize an unanswered request as being admitted. *Shailer*, 2021-Ohio-3939, at ¶ 25-26 (2d Dist.). Chanthunya notes, however, that Civ.R. 36(B) authorizes a trial court to permit withdrawal of an admission. Although the rule states that withdrawal may be allowed "on motion," the Ohio Supreme Court has found a written motion unnecessary. *Balson v. Dodds*, 62 Ohio St.2d 287, 290, fn. 2 (1980). A party may satisfy the motion requirement "by contesting the truth of the Civ.R. 36(A) admissions for the purposes of summary judgment." *Id*.

{¶ 17} In *Cotrill v. Noah's Transp., L.L.C.*, 2014-Ohio-2098 (2d Dist.), we set forth the following standards governing withdrawal of deemed admissions:

Pursuant to Civ.R. 36(B), "the court may permit withdrawal * * * when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal * * * will prejudice the party in maintaining his action or defense on the merits." Civ.R. 36(B) does not require a movant to demonstrate compelling circumstances for failing to timely respond to request for admissions in order to have the admissions withdrawn. *Crespo v. Harvey*, 2d Dist. Montgomery No. 25861, 2014-Ohio-1755, ¶ 21. "[T]he only requirements are that the withdrawal aid in reaching the merits and that the non-moving party is not prejudiced by the withdrawal or amendment." *Id*. at ¶ 21.

However, given the use of the word "may" in Civ.R. 36(B), the trial court is not automatically required to withdraw admissions if all the requirements under the rule are satisfied. Rather, that decision is left to the sound discretion

9

of the trial court. *Sciranka v. Hobart Intern., Inc.*, 2d Dist. Miami No. 91 CA 61, 1992 WL 211804, *2 (Sept. 4, 1992), citing *Gwinn v. Dave Dennis Volkswagen*, 2d Dist. Greene No. 87-CA-56, 1988 WL 13195, *3 (Feb. 8, 1988*). Accord Family Songs Ministries v. Morris*, 2d Dist. Miami No. 09-CA-16, 2010-Ohio-280, ¶ 17; *Colopy v. Nationwide Ins. Co.*, 9th Dist. Summit No. 17019, 1995 WL 500061, *2 (Aug. 23, 1995) ("[Civ.R.36(B)] does not mandate withdrawal of admissions whenever the merits are subserved and prejudice is not demonstrated; the rule states that the court 'may' permit withdrawal or amendment. Thus, the decision is within the court's sound discretion"). Therefore, "an appellate court is not to disturb a trial court's decision in this regard unless the trial court abused its discretion." *Farah v. Chatman*, 10th Dist. Franklin No. 06APP–502, 2007–Ohio–697, ¶ 11.

*Id*. at ¶ 7-8.

{¶ 18} Even if we accept that presentation of the merits would be subserved and that CSCC would not be prejudiced by permitting withdrawal of Chanthunya's deemed admissions, we see no abuse of discretion in the trial court's failure to apply Civ.R. 36(B). Notably, Chanthunya never requested withdrawal or even implicitly invoked the rule. Although a formal Civ.R. 36(B) motion was not required, Chanthunya filed nothing to alert the trial court that the deemed admissions were in dispute.

{¶ 19} By not responding to CSCC's requests for admission, Chanthunya admitted that he had enrolled at the school, incurred the disputed charges, and not paid the debt. The only pertinent filing by Chanthunya was his own motion for summary judgment, which did not challenge these admissions. In his motion, he admitted having attended classes in January 2017. *See* Defendant's February 7, 2025 motion, p. 1 ("However, Defendant ceased

10

attending classes in January 2017, and Plaintiff has failed to provide a written contract governing Defendant's liability for tuition."). Chanthunya's argument for summary judgment was that no written contract existed, making CSCC's action subject to a six-year statute of limitations for an oral contract. He claimed that the lawsuit was untimely because the six-year period had expired. Chanthunya's argument did not contest the truth of the Civ.R. 36 admissions. Therefore, under *Balson*, the trial court had no grounds to find the admissions withdrawn. The trial court did not abuse its discretion in failing to invoke Civ.R. 36(B) sua sponte.

**{¶ 20}** For the foregoing reasons, we conclude that CSCC properly served Chanthunya with its requests for admission and motion for summary judgment. The first and third assignments of error are overruled.

**{¶ 21}** Chanthunya's second assignment of error states:

**The Trial Court Erred in Granting Summary Judgment Because Genuine**

**Issues of Material Fact Remain in Dispute.**

**{¶ 22}** Chanthunya contends summary judgment was improper because genuine issues of material fact exist as to whether he enrolled at CSCC, obtained educational services, or owed a debt. He asserts that he filed evidence establishing that he never was a student at the school. Chanthunya also claims that CSCC failed to meet its initial burden and that the trial court improperly weighed competing evidence.

**{¶ 23}** Under Civ.R. 56(C), a movant is entitled to summary judgment upon demonstrating (1) that there is no genuine issue as to any material fact, (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the non-moving party. *Rhododendron Holdings, LLC v. Harris*, 2021-Ohio-147, ¶ 22 (2d Dist.). "The burden of showing that no

11

genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment." *Harless v. Willis Day Warehousing Co., Inc.*, 54 Ohio St.2d 64, 66 (1978). Once the moving party has satisfied its burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). We review a summary judgment decision de novo. *Lafon v. Iron Tiger Logistics*, 2015-Ohio-2428, ¶ 8 (2d Dist.). We apply "the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial." *McAlpine v. McCloud*, 2021-Ohio-2430, ¶ 13 (2d Dist.).

**{¶ 24}** Here the trial court entered summary judgment for CSCC on count one of its complaint, which sought to collect on Chanthunya's student account. An action on an account is a breach-of-contract claim. *Shailer*, 2021-Ohio-3939, at ¶ 32 (2d Dist.). "To prove a breach of contract claim, a plaintiff must establish the existence of a contract, performance by the plaintiff, breach by the defendant, and resulting damage to the plaintiff." *Id*.

**{¶ 25}** In support of its motion, CSCC filed an affidavit from Brian Metzbower, an external collections supervisor with the Ohio Attorney General's Office. Metzbower averred as to his familiarity with a database on which Chanthunya's account information was stored. He also provided an itemization of the amount allegedly owed and indicated that Chanthunya had not paid the debt despite demands for payment. CSCC additionally relied on the deemed admissions from Chanthunya discussed above. By not responding, he admitted that he had enrolled and attended classes, incurred charges, never paid the debt, and owed the amount stated in the complaint.

**{¶ 26}** For his part, Chanthunya did not file a memorandum opposing CSCC's motion for summary judgment. Additionally, his competing motion lacked Civ.R. 56 evidence and raised only a legal issue regarding the statute of limitations. Contrary to his argument on appeal, we see no record evidence creating a genuine issue of material fact for trial. Considering the scope of Chanthunya's admissions, the trial court properly entered summary judgment against him. *National Collegiate Student Loan Trust 2005-3 v. Demers*, 2019-Ohio-1475, ¶ 28 (2d Dist.) ("Given the nature of the request for admissions, the Evanses admitted to having a student loan with National Collegiate, being in default of that loan, and owing National Collegiate $ 62,829.09. As a result of those admissions, there was no genuine issue of material fact left for trial."). The second assignment of error is overruled.

**{¶ 27}** The fourth assignment of error states:

**The Trial Court Erred in Concluding That Appellant Was Contractually or Equitably Obligated To Pay Tuition Despite No Contract, No Consideration, and No Benefit Received.**

**{¶ 28}** Chanthunya contends the trial court erred in entering summary judgment against him where there was no express or implied contract and CSCC did not provide any educational services. These assertions are foreclosed by the deemed admissions addressed above. Again, by not responding to CSCC's requests for admission, Chanthunya admitted that he had enrolled and attended classes, incurred charges, never paid the debt, and owed the amount stated in the complaint. Accordingly, the fourth assignment of error is overruled.

13

### III. Conclusion

**{¶ 29}** The judgment of the Montgomery County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and HUFFMAN, J., concur.